## Moon v. Cort.

1. **Highway**: MANDAMUS. To entitle the applicant to a mandamus directing the road supervisor to open a highway which had been legally established, he must show a personal interest in the action other than an excepted diversion of travel from his land to the proposed road. His interest depends, not upon the opening of the road, but upon the use of it by the public.

*Appeal from Dubuque District Court.*

WEDNESDAY, JUNE 14.

THE plaintiff states in his petition, in substance, that he is the owner of certain land in Sec. 17, Town. 88, N. of R. 2, West of 5 P. M.; that a public highway was legally established in section 16 in said township, and near plaintiff's said land; that said highway has never been opened, and has become obstructed by fences; that the public travel which would pass over the said highway, if opened, passes over the plaintiff's said land; that the defendant is supervisor of the road district in which the said road is laid out; that the plaintiff has applied to him to open said road, and he has refused so to do, and by reason of his refusal and failure to open said road, the plaintiff is annoyed by the public travel passing over his land, and is deprived of the use of so much thereof as is required by said travel. He therefore prays for a writ of mandamus, commanding the defendant to open the said road.

To the petition the defendant demurred, on the ground that it fails to show wherein the plaintiff is interested in the subject matter of the action, and does not show that the plaintiff has not a full, complete, and adequate remedy in his own hands. The District Court sustained the demurrer and plaintiff appeals.

*John D. Alsop* and *E. McCeney,* for appellant.

*William Mills & Son,* for appellee.

ADAMS, J.—The Code, Sec. 3378, provides that the plaintiff

in an action of mandamus shall set forth, if he is a private individual, that he is personally interested in the action, and that he sustains and may sustain damages by the non-performance of the duty in question. It is claimed by appellant that he does show that he is interested in having the said road opened, and that he sustains damage and will continue to sustain damage by defendant's failure to open it.

The only reason given, however, why he would be benefited by the opening of the road is, that his land would thereby be relieved of the public travel. But the public would not be compelled to travel the road simply by reason of its being opened. The most that can be said is that the public would be relieved of the necessity (if it be one) of crossing plaintiff's land. Whether it would travel the road, unless plaintiff's land should be fenced, is a question upon which plaintiff's interest depends, and yet it is not only not answered by the record, but it is a question, which, strictly speaking, is not susceptible of being answered. For aught we know or can know, the plaintiff would be under the same necessity of turning the travel by fencing, that he is now. We think, therefore, that the plaintiff fails to show that he has such interest in the opening of the road as a court can recognize.

AFFIRMED.