No. 12,962.

STATE EX REL ROSE O. BURKE, EXECUTRIX, VS. CITIZENS' BANK OF JEN-NINGS, LOUISIANA.

## SYLLABUS.

A shareholder, or other person with a laudable object to accomplish, or a real and actual interest upon which to predicate his request for information dis closed by the books of a bank, is given by the fundamental law, the right to inspect them.

The claim, that the right of inspection is strictly personal to the shareholder. and can not be exercised by another for him, and in his stead, as an agent or executor, is without force; for, if that were true, the possession of the right would be futile in many instances.

A by-law of a corporation which provides, that no stockholder or other person shall have the right to inspect the books without special authority from the board of directors, must be subordinated to the provisions of the charter and the general and fundamental law.

### ON REHEARING.

While, in a proper case, an accountant or expert may be appointed by the court to assist a party in interest in the examination, the law gives him the right to make of the books of a bank or other corporation, no part of the compensation to be paid such expert should be assessed against the defend-ant bank or corporation.

ON APPEAL from the Twelfth Judicial District Court for the Parish of Calcasieu. *Read, J.*

*Schwing & Moore* for Plaintiff and Appellee.

*Cline & Cline* for Defendant and Appellant.

Argued and submitted December 21, 1898.
Opinion handed down January 9, 1899.
Judgment amended and rehearing refused February 20, 1899.

On the application for rehearing opinion by BLANCHARD, J.

The opinion of the court was delivered by
WATKINS, J.   The relatrix, as executrix of Dr. E. M. Burke, deceased, instituted suit in the District Court coupled with an application for a writ of *mandamus,* to compel the respondent bank to permit her to have view and to make an inspection of the books of the bank, alleging that the deceased, at his death, was the owner and possessor of fifteen shares of the capital stock of the bank, and that the estate under her administration is still the owner thereof.

She avers, that, under the Constitution and laws of the State, she has the right to inspect and examine the books of said bank for the purpose of ascertaining, amongst other things, the amount of capital stock subscribed, the names of the owners of stock, the amounts owned by them respectively, the amount of stock paid up, the transfers of stock and the dates thereof, and the amount of assets and liabilities of the bank.

She further avers, "that said right is valuable, and the exercise thereof necessary to enable her to ascertain the *real value* of said stock, what, if any, dividends are due thereon, the condition of said estate in account with said bank, the solvency or insolvency thereof, and the best interests of said estate in connection therewith."

She alleges that due demand was made upon the legal custodian of said books and assets, "for permission to make an inspection and examination," and that said demand was peremptorily refused; and that said refusal was a denial of justice, and "left her without remedy by the ordinary course of law."

For answer, the respondent pleads the general issue, and then specially denies that the relatrix "in her capacity of executrix, or in any other capacity, has a right to examine or inspect the books of said bank, or that the exercise of the said pretended right is necessary to subserve the interests of the succession of the said Burke; or that *he* ever demanded the right to examine the books of the bank."

He alleges, that the relatrix, personally, is unfriendly to the bank, and that she does all of her own business through another bank, and persistently seeks to deter her friends from patronizing the respondent bank.

That she is not a stockholder of said bank, and has no interest in the conduct or management of its business; and, that, being advised of her unfriendliness, it fears and has just grounds to apprehend "the damage she might be able to do respondent's business, if permitted to examine the books of the bank, where she could learn the names of its customers, their financial standing in the community, and other business, secrets the divulgence of which would be ruinous to the business interests of the respondent."

The further averment is, that the relatrix "persistently follows, in her business affairs, the advice of one L. M. Valdetero, who is notoriously unfriendly to the interests of the respondent bank; and that he is plaintiff in a suit now pending before your honorable court, wherein he seeks to recover ten thousand dollars, as alleged damages against the respondent."

That "the monthly sworn statements of the affairs of respondent bank contain ample information to all those interested in said bank as to its financial condition, the value of its stock, what dividends are due thereon, and as to its solvency; that moreover, the cashier of said bank has offered and still stands ready to furnish plaintiff a full and complete statement of the account of the succession of E. M. Burke with the said bank."

Respondent further avers, that under a by-law of the bank, "no stockholder or any other person shall have the right to inspect the books of the bank without special authority;" and that no such authority was ever applied for, or granted by the board of directors of the bank.

That said by-law is in strict accord with the custom and usage among banks, and that such application is and was a condition precedent to permission being granted for an examination by other than

regular officers of the bank; and that, if the relatrix did make demand upon the president or cashier of the bank for permission to make an examination of the books of the bank, they were wholly without authority to grant the request, without the sancation of the board of directors being first obtained.

The case was tried and decided in favor of the relatrix, and the writ of *mandamus* was made peremptory, and from that judgment, the respondent has prosecuted this appeal.

The transcript presents us with a brief statement of facts, which is herewith transcribed in part, viz.:

"That at the time of his death, E. M. Burke was a stockholder, and that the estate is still owner of fifteen shares (one thousand, five hunred dollars) of stock in the Citizens' Bank of Jennings, La.

"That Mrs. Burke, executrix, accompanied by L. M. Valdetero, called  *  *  *  at the bank, and asked to be allowed to inspect and examine the accounts of said E. M. Burke with said bank on the bank's books, etc.

"That the cashier states that she only asked to examine Dr. Burke's account, (though) all agree that he refused; and that he was and is the custodian of the books of the bank.

"That the evidence shows, that an effort was made to see the president, but that he was absent from the parish.

"The evidence shows, that L. M. Valdetero has a suit against the bank, and is unfriendly with the cashier, but friendly with the stockholders and officers of the bank."

On this state of the pleadings and evidence, the question for decision is, whether the relatrix is entitled to the relief she demands, and which was granted by the judge *a quo*.

The first and principal point taken by the counsel for respondent is, that the relatrix is without interest as a stockholder, and for that reason. without right to demand an inspection of the books of the bank. she being merely the executrix of a deceased stockholder, and without any personal right of examination.

The Constitution of 1879, made it the duty of all corporations organized or doing business in this State under the laws or authority thereof, to have and maintain a public office for the transaction of its business. "and, where shall be kept for public inspection books in which shall be recorded the amount of the capital stock subscribed, etc." Const. of 1879, Art. 245.

In the recent decision of this court, in State *ex rel.* Bourdette vs. Gaslight Co., 49th An. 1556, it was held, that the right conferred by that article secures to stockholders of a corporation the right to inspect its books, and, if the right of inspection be unreasonably denied, *mandamus* would lie to enforce it; but the court said that "by 'public inspection,' is meant not the inspection of the idle, the impertinent, or the curious—those without any interest to subserve, or advance, or protect.

"It was never contemplated that any, and everybody, as the whim may seize him or them, should be permitted to walk into the office of the company, or corporation, and pry into its affairs. But a shareholder, or *other person with a laudable object to accomplish, or a real or actual interest upon which to predicate his request for information disclosed by the books,* is given by the fundamental law itself, the right to inspect them." (Our italics).

In our opinion the relatrix, as the executrix of a deceased shareholder of the stock of the respondent bank, has brought herself within the scope and plain intendment of that decision, and thus disclosed an interest sufficient to justify a resort to *mandamus.*

Indeed, we can perceive no' reason why the person representing, as executrix, the deceased shareholder, should not have the same right of inspection *pro hac vice,* as the latter had while living.

That she is not personally a shareholder of the respondent bank, and perhaps is a shareholder of another bank, could not be reasonably considered as excluding the right of the estate, altogether; nor do we consider the particular danger pointed out in the defendant's return as likely to result from the inspection proposed, as sufficient to justify a refusal of relief to the executrix, altogether.

Of course, proper care should be taken in the exercise of the right of inspection accorded to her, that the interest of the bank be amply protected and safe-guarded from idle curiosity or undue inquisitiveness into the private affairs, not appertaining to the legitimate objects to be attained by the inspection.

Nor should the one examining into the affairs of the bank be permitted to examine into the matter of depositors' accounts, to find out who are depositors; if any one is a depositor, the amount to his credit, or anything connected with private matters of depositors.

Article 273 of the Constitution of 1898 is identical with that of Article 245 of 1879.

In Legendre vs. Brewing Association, 45th An. 669, a similar interpretation was placed upon the latter article as was done in the Bourdette case, and in the course of our opinion, we said:

"The constitutional right to inspect the books (of a corporation, at a reasonable time) cannot reasonably be denied.

"There can be no question that the *ownership* of stock confers the authority to see that the property is well managed.   The exercise of this authority involves primarily the right to examine the books."

In State *ex rel.* Martin vs. Bienville Oil Works Company, 28th An. 204, the particular question here presented was decided adversely to the present contention of respondent, thus, viz.:

"The ojection that, if the relator has the right he claims, it is personal to himself, and cannot be exercised by another, we regard as having no force.   The possession of the right in question would be futile if the possessor of it, through lack of knowledge necessary to exercise it, were debarred the right of procuring in his behalf the services of one who could exercise it."

It seems quite apparent, that this rule is entirely applicable to the case of an executrix, the denial of right of inspection to whom, would be equivalent to an exclusion of the right of a deceased stockholder, altogether.

On the second proposition which counsel for the respondent submits, with regard to the sufficiency of the demand made by the relatrix to entitle her to relief by *mandamus,* we are of opinion that the answer should be an affirmative one; for, it is not denied that Dr. Burke was a shareholder of the bank, and a depositor as well, and it is admitted that, notwithstanding she is executrix of his estate, her demand for an examination of the books of the bank, and particularly those containing his account, was peremptorily refused.

The management of the bank seems to have conceded the refusal by the cashier, an act of its own; and, hence, the case is differenced from the case of Legendre, 45 Annual.

We are of opinion, that the point made in the respondent's answer to the effect that a by-law of the corporation which declares, that no stockholder or other person shall have the right to inspect the books of the bank without special authority from the board of directors, can not prevail against the relatrix.

This question was considered by the court in Cockburn vs. Union Bank, 13 An. 289, and in the course of their opinion, they said:

"Defendant avers, that by the charter of the Union Bank, and the laws applicable thereto, the entire management of its affairs and the control of its books and property are confided to a board of directors who administer the same, and have the right of deciding when, by whom, and for what purpose the said books shall be inspected, except in cases specially provided by law, and that petitioner has in law no right to demand, at his pleasure, the inspection of the books, etc. * * *

"If the board of directors have the exclusive right alleged to exist in them, they must derive the power and prerogative from the Free Banking laws of the State, or the charter.    *    *    *    Defendant has not, however, called our attention to any act of the legislature, to any part of the charter of the bank, or to any of its rules or by-laws, which confer such exclusive authority upon the board of directors, and we are not aware of the grant of any such prerogative, exclusively, to the board of directors.

"A stockholder in a corporation possesses all his individual rights, except so far as he is deprived of them *by the charter, or the law of the land;* as long, then, as the charter, or the rules and by-laws passed in conformity thereto, *and the law,* do not restrict his individual rights, he possesses them in full, and can demand to exercise them.

"It cannot be denied that it is the right of every one to see that his property is well managed, and to have access to the proper source of knowledge in this respect." (Our italics).

Taking that opinion as our guide, it is evident that a by-law, of itself, is not sufficient to vest full power in a board of directors, to decide whether a shareholder may inspect the books of a corporation or not; but that a by-law should be thus authoritative, it must have the sanction of *the charter and the general law.*

But, in the light afforded by the jurisprudence, interpreting the *fundamental* law in the premises, we think both the charter and the law are subordinated thereto.

Our examination of this case has brought us to the same conclusion it did the judge of the lower court.

Judgment affirmed. ·

### On Application for Rehearing.

Blanchard, J.   The court *a qua* granted the plaintiff's prayer for

an expert to assist her in the examination she desired to make of the books of the bank, which, under the law, she has the right to inspect.

The plaintiff had asked for the appointment of a particular person, named by her, as such expert.

The defendant bank, while resisting the demand for an inspection of its books as herein sought, asked that, in the event the inspection was granted, and the court thought it a proper case for the appointment of an expert to assist plaintiff in the examination, the person named by plaintiff be *not* appointed because he was inimical to the bank, and that some other disinterested and unprejudiced person be named as such expert.

The court declined to name the party suggested by plaintiff and appointed as expert W. H. Simmons.

The costs of *mandamus* proceeding were rightly adjudged against defendant bank, but we do not think any part of the compensation which will be due the expert should have been charged against the bank.

The judgment below directs that such compensation be paid jointly by plaintiff and defendant.

As this expense cannot be reckoned any part of the costs of this litigation, and as the examination is a matter desired by plaintiff alone, and for her benefit alone, the compensation of the expert should be borne by her alone.

In this respect the judgment appealed from is erroneous, and it becomes necessary to correct the same.

It is, therefore, ordered that the former decree of this court, hereinbefore handed down, be set aside, and it is now adjudged and decreed that the judgment appealed from be so amended as to strike therefrom the award against defendant of any part of the compensation which will become due the expert appointed to assist plaintiff in her examination of the books of the bank, and it is directed that such expense be borne by plaintiff alone; and that as thus amended, the judgment of the court *a qua* be affirmed, costs of the lower court to be taxed against defendant, those of appeal against plaintiff and appellee.

Rehearing denied.