In the Matter of the Application of GEORGE F. TUTTLE et al., Respondents, for a Writ of Mandamus against THE IRON NATIONAL BANK OF PLATTSBURGH et al., Appellants.

BANKING — POWER OF SUPREME COURT TO PERMIT EXAMINATION OF BOOKS OF NATIONAL BANK BY STOCKHOLDERS. The Supreme Court of the state of New York has power, in its discretion, to compel the directors and officers of a national bank in process of liquidation, after the expiration of its charter by limitation, to exhibit to the stockholders the books, papers and assets of the bank, and to permit them to examine and to take extracts therefrom; and in such a case, where its discretion appears to have been lawfully exercised, the action of the court in issuing a peremptory writ of mandamus will not be reviewed by the Court of Appeals.
*Matter of Tuttle* v. *Iron Nat. Bank*, 67 App. Div. 627, affirmed.

(Argued February 10, 1902; decided February 18, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 21, 1901, which affirmed an order of Special Term directing the issuance of a peremptory writ of mandamus directing the defendants to furnish to the petitioners a statement of certain facts in relation to the property of the defendant bank.

The facts, so far as material, are stated in the opinion.

*T. F. Conway* for appellants. The facts set forth in the moving petition having been denied and disputed. it was

improper to grant a peremptory writ of mandamus in the first instance. (*People* v. *R., W. & O. R. R. Co.*, 103 N. Y. 95.) The court was without power to order or direct an inspection or examination of the books of the Iron National Bank. It was a national bank operating under a charter which gave the stockholders no such right. But if the power exists in a proper case to compel such institutions to submit to an examination and inspection of their records and business, the record presents no sufficient cause for its exercise. (U. S. R. S. §§ 5240, 5241; *People ex rel.* v. *A. U. L. Ins. Co.*, 31 Misc. Rep. 617; 2 R. S. [9th ed.] 1149, § 39; *Matter of Steinway*, 31 App. Div. 72, 159 N. Y. 265.)

*Samuel L. Wheeler* for respondents. The court had the power to grant the relief asked for. (U. S. R. S. § 5136, subd. 4; *Ex parte Jones*, 164 U. S. 691; *Robinson* v. *Nat. Bank*, 81 N. Y. 384; *Cooke* v. *S. Nat. Bank*, 52 N. Y. 96.) A stockholder has the right at common law to inspect the books of his corporation at a proper time and place. (*Matter of Steinway*, 159 N. Y. 250.) The admitted facts in this case were sufficient to present a proper case for the exercise of the discretion of the court at Special Term. (*People ex rel.* v. *Bd. Suprs.*, 135 N. Y. 522; *Matter of Steinway*, 159 N. Y. 250.) There being sufficient facts presented to the court below to give it jurisdiction, this court will not review the question of the discretion exercised by the Special Term. (*People ex rel.* v. *Coler*, 166 N. Y. 1.)

*Per Curiam.* This was an application by certain stockholders of The Iron National Bank of Plattsburgh for the issuance of a writ of mandamus, directed to the said bank and to its board of directors and its officers, requiring them to exhibit to the petitioners the books, papers and assets of the bank, and to permit them to examine and to take extracts therefrom. • The application was opposed, and, after a hearing, the court at Special Term ordered that a peremptory writ of mandamus issue, requiring the president and the cashier of

the bank in question to forthwith give a certified statement, showing the following facts, viz.: "1st. A description of all real estate owned or held by The Iron National Bank of Plattsburgh, giving the location and a description of the title by which the said bank holds the same with the place of record, etc. 2d. A copy of all notes charged to the profit and loss account of said bank within three years last past. 3d. A description of all other bonds owned and held by said bank. The above information to be furnished as herein required within five days after service of said mandamus."

Unless there be a question of the power of the court to grant the application, its discretion appears to have been lawfully exercised and will not be reviewed in this court. While the allegations in the petition, which bore upon the conduct, motives and management of the directors and officers of the bank, were denied in the answer made to the application, in full and express terms, certain of the allegations, with respect to the situation of the affairs of the bank and to the lack of definite knowledge concerning some material facts, were not put in issue. The charter of the bank had expired by limitation, and its affairs had been in the course of liquidation. Information as to the condition of the bank's assets and of the liquidation proceedings was refused, when requested by the petitioners, and they had no knowledge as to what had been done, or was being done, with the assets and property of the corporation. The facts not in dispute were sufficient to justify the court in ordering the officers in charge of the bank's affairs to furnish information as to the description of the bank's assets, to the extent set forth in its order. Such information was only what the stockholders were entitled to have, in the situation of affairs. It could in nowise prejudice the liquidation of the bank, and its officers should not have refused to the stockholders the statements which they naturally desired and which, upon equitable principles, they were entitled to have concerning their distributory interests in the corporate properties.

With respect to the question of power, it might be suffi-

cient to observe that no objection was made to the application upon that ground, so far as the record discloses. Assuming, however, that the question is one that may be now raised, we think the jurisdiction of the court to have been ample for the purposes for which it was exercised. Under the National Banking Act, (Sec. 4), national banking associations are "to be deemed citizens of the states in which they are respectively located; and in such cases the Circuit and District courts shall not have jurisdiction, other than such as they would have in cases between individual citizens of the same states." It has been held by this court, with respect to the question of jurisdiction over actions against national banks, that it has not been taken away from the courts of this state. (*Robinson* v. *National Bank of Newberne,* 81 N. Y. 385; *Cooke* v. *State National Bank of Boston,* 52 ib. 96–106.) The principle upon which a stockholder is allowed access to the books of a corporation is as applicable to the case of a banking corporation, as it is to any other kind of corporation. It is his common-law right, and, unless restricted by law or by the charter, the exercise of that right will not be denied him, at a proper time and place, when the circumstances are such as seem to the court to make that right available. (*Matter of Steinway,* 159 N. Y. 250; *Cockburn* v. *Union Bank of Louisiana,* 13 La. Ann. 289.)

The order appealed from should be affirmed, with costs.

GRAY, O'BRIEN, BARTLETT, HAIGHT, CULLEN and WERNER, JJ. (PARKER, Ch. J., in result), concur.

Order affirmed.