L. W. Drennan, Appellee, v. Central National Fire Insurance Company et al., Appellants.

**CORPORATIONS:** Records—Right to Examine. Principle reaffirmed
1  that a person has no right to examine the stock books and transfer records of a corporation in furtherance of a purpose which is inimical to the corporation.

**CORPORATIONS:** Records—Examination—Mandamus—Proper Party
2  Plaintiff. One who, as an attorney in fact (though not an attorney at law), is in good faith interested on behalf of his principal in a transfer of corporate stock, and who will become entitled to a compensation if he succeeds in collecting his client's claim, has such interest as will enable him to maintain mandamus to compel the corporation to permit an examination of the stock books and transfer records of the corporation.

**CORPORATIONS:** Records—Order for Examination—Modification. An
3  order by the trial court commanding a corporation to permit an examination of its "stock books and records" will be modified on appeal by expunging the reference to the "records," Sec. 8385 only authorizing such order in relation to the stock books.

Headnote 1:  38 C. J. p. 796.  Headnote 2:  38 C. J. p. 834.  Headnote 3:  38 C. J. p. 950.

*Appeal from Des Moines Municipal Court.*—Thomas L. Sellers, Judge.

November 17, 1925.

The plaintiff was granted a writ of mandamus, directing

the defendants to permit him to inspect the stock books and records of the Central National Fire Insurance Company. The defendants appeal.—*Modified and affirmed.*

*Parrish, Cohen, Guthrie & Watters,* for appellants.

*Tomlinson, Maley & Taft,* for appellee.

MORLING, J.—Plaintiff's petition states that H. G. Barrett was formerly the owner of five shares of defendant's capital stock, and sold them to John E. Thompson; that plaintiff is investigating the facts relative to Thompson's purchase, with a view of suing him for damages for fraudulent representations as to the value of the stock; that plaintiff is informed that Thompson purchased, not on his own account, but for some third person whose name to plaintiff is unknown; that plaintiff desires access to defendant's stock records, in order that he may ascertain to whom the stock was transferred and whether or not the transferee purchased other blocks of the stock.

Plaintiff testified that he had been making investigation for the purpose of instituting suit for damages in favor of Barrett; that he "had no purpose in desiring to examine the stock records and books except in pursuance of that investigation of facts on which a suit for damages might be based;" that he has also the interest of another stockholder, and desires to examine the stock transfers to try to determine whether or not any general conspiracy existed to defraud any number of stockholders. He says he has a suspicion that the stock purchased by Thompson went into other hands than Thompson's. Plaintiff testifies that he is in the printing business, and not in the business of collecting claims for damages; that he is to pay whatever costs and expenses there are in connection with the collection of Barrett's claim, and retain 25 per cent of whatever he gets; that he is not to be reimbursed for anything if he is not successful; that he expects to prosecute an action. He has never been admitted to the bar.

I. Defendants' first claim is that plaintiff, before he can claim the writ, must show a personal interest in the subject-matter and that he will be damaged if he is not permitted to make the examination sought.

Section 8385, Code of 1924, reads:

"The books of the corporation must be so kept as to show the original stockholders, their interests, the amount paid on their shares, and all transfers thereof, which books or a copy thereof, so far as the items mentioned in this and the following section are concerned, shall be subject to the inspection of any person desiring the same."

Section 8386 reads:

"The transfer of shares is not valid, except as between the parties thereto, until regularly entered upon the books of the company, showing the name of the person by and to whom transferred, the numbers or other designation of the shares, and the date of the transfer * * *"

Section 12448 requires the plaintiff in a petition for mandamus to state his claim, and to state facts sufficient to constitute a cause for such claim, and that the plaintiff, if a private individual, is personally interested therein, and that he sustains or may sustain damage by the nonperformance of such duty.

The rule undoubtedly is that the plaintiff in mandamus must usually show a personal interest in the subject-matter of the action. *Moon v. Cort,* 43 Iowa 503.

Section 8385 in general terms gives the absolute right to any person to examine the stock and transfer books of a corporation organized under the laws of this state, whether he shows himself interested in it or not. *Ellsworth v. Dorwart,* 95 Iowa 108. But the court will not grant the writ where the plaintiff is acting in execution of a conspiracy to injure the corporation, though, "if this transaction stood alone, the plaintiff would have the absolute right to the relief demanded." *Funck v. Farmers Elevator Co.,* 142 Iowa 621, 625. There is no evidence here of the existence of any purpose inimical to the interest of the defendant company.

1. CORPORATIONS: records: right to examine.

II. It is argued further that the plaintiff is not the real party in interest, and that the suit, if otherwise maintainable, should have been brought in the name of the former stockholder,

Barrett.

2. CORPORATIONS: records: examination: mandamus: proper party plaintiff.

The plaintiff sets forth a twofold interest: one as attorney in fact for Barrett, engaged in an undertaking in his principal's interest, and the other a personal interest in his prospective compensation.

In *United States v. Hall*, 7 Mackey 14 (1 L. R. A. 738), a writ of mandamus was sought by an attorney in the interest of his client against the commissioner of patents, and it was granted, the court saying:

"The writ of mandamus, being a prerogative writ, as it is called,—one not to be granted upon light considerations,—is yet a writ which belongs to every citizen where the law gives him no other remedy, and where it appears that he has a right which has been obstructed. To put a familiar case, before going on with the one under consideration: Suppose an attorney at law, in the progress of his professional business and avocation, has occasion to go to the office of the recorder of deeds for the purpose of investigating a title, or of gaining knowledge in respect to a title there of record, and the recorder of deeds refuses him permission to examine the records. Is it not clear that he is entitled to the benefit of the writ of mandamus for that purpose? Is not the right of the client, and is not also the right of the attorney at law employed by the client in the ordinary pursuit of his profession, violated so as to give him a substantial position in a court of justice to demand redress for the wrong which has been committed upon him? * * * The attorney has no interest in the title to the property, and therefore cannot, in the case supposed, apply for and compel the issue of the mandamus, because he has no specific interest in the subject of the title. But in this case the attorney has specific interest, not in any distinctive title, but in a matter of property common to himself and all mankind, and in regard to which he has also, to a certain extent, what may be called a peculiar special property: the interest devolved upon him by his avocation of attorney in the proper prosecution of his professional rights and professional duties."

*State v. Crites*, 48 Ohio St. 142 (26 N. E. 1052); *Clay v. Ballard*, 87 Va. 787 (13 S. E. 262); *State ex rel. Ferry v. Wil-*

*liams,* 41 N. J. Law 332 (32 Am. Rep. 219); *Boylan v. Warren,* 39 Kans. 301 (18 Pac. 174, 7 Am. St. 551).

We think the suit is properly brought in the name of the plaintiff.

III.　It is assigned as error that the contract between Barrett and the plaintiff is champertous.　This assignment is not argued, and we do not consider it.

IV.　The order requires the defendants to permit the plaintiff to inspect the stock books *and* records of the defendant Central National Fire Insurance Company.　The order goes beyond the scope of the statute, and should be limited to the inspection of such records as show the original stockholders, their interests, the amount paid on their shares, all transfers thereof, and the dates of transfers.　The order will be modified and limited to this, as herein designated.

3. CORPORATIONS: records: order for examination: modification.

The judgment is—*Modified and affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.