F. A. ONTJES, Appellee, v. GEORGE H. HARRER et al., Appellants.

No. 39959.

OCTOBER 15, 1929.

1218

*R. F. Clough,* for appellants.

*F. A. Ontjes* and *W. G. Henke,* for appellee.

DE GRAFF, J.—The plaintiff-appellee is a minority stock-holder in Jacob E. Decker & Sons, a corporation. The petition filed is in conformity to the requirements of Section 12448, Code of 1927. The prayer of the petition is for an alternative writ of mandamus, directing and commanding the defendants (appellants) to exhibit to the plaintiff, for inspection, examination, and copy, the original stock records, stock ledgers, and stock transfer books of both preferred and common stock of the said corporation, and to submit to the plaintiff, for inspection and examination, the books and records of the corporation, showing the financial condition of the corporation, or to show cause why such stock records and records of the financial condition of the corporation have not been exhibited to the plaintiff (prior demand having been made and refused), and that the plaintiff may have judgment for the damages sustained by him, and for the costs of this action. The order and decree entered by the trial court adjudged and decreed that a writ of mandamus issue, directing the defendants and each of them to exhibit, during office hours, to plaintiff, for inspection, examination, and copy, forthwith, at the offices of the corporation, the original stock records, stock ledger, and stock transfer books of both the preferred and common stock of said corporation, and to submit at its corporate offices, at convenient times and during office hours, or after office hours on Saturday afternoons, at the election of defendants, to the plaintiff, for inspection and examination, the following books and records which show the financial condition of the corporation, to wit: such books and records as show the financial condition of the corporation, as per the audit of October 31, 1928, and such books and records as show all trial balances since October 31, 1928, together with the general ledger and the customers' ledger of said corporation; but such books and records, except the stock books and records, need not be opened to the inspection, examination, and copy of the plaintiff prior to May 18, 1929.

The petition in this cause was filed on April 29, 1929. It may be well to note the answer filed by the instant defendants, which, in substance, denied the allegations of the petition, except

that it is admitted that Jacob E. Decker & Sons is an Iowa corporation, and that the other appellants named in the petition are the officers of the corporation, and that written requests for the examination and inspection of the books had been made, as shown by letters attached to plaintiff's petition. The answer also specifically denies that, under the statutes of Iowa, there is any legal obligation or duty on the appellants to comply with the request of the plaintiff, and alleges that whatever right plaintiff might have was only to have a list of stockholders prior to an annual meeting, as determined by Section 8384, Code of 1927: and that, if plaintiff was the actual owner of any stock in the said corporation, it was a relatively small and insignificant minority interest; and that his requests were unreasonable, improper, unjust to the corporation, and an infringement upon its affairs; and that compliance therewith was inconvenient. Such are the issues and the decree entered.

Before entering the field of legal principles, it may be well to recite briefly some of the record facts. The capital stock of the said corporation is divided into preferred and common stock, each of the par value of $100 per share. The plaintiff-appellee is the owner and holder of record of 140 shares of common stock and 3 shares of preferred stock in the appellant corporation. It further appears that, on or about March 1, 1929, a New York corporation known as Adolph Gobel, Incorporated, with its principal place of business at Brooklyn, New York, acquired more than a majority of the outstanding capital stock in the said Iowa corporation, and consequently the New York corporation acquired the dominant voting control of the Iowa corporation.

The Iowa corporation is engaged in the operation of what is commonly known as a packing plant, handling pork products and processing and selling the same. The fiscal year of the corporation ends October 31st each year, and it is shown that independent certified public accountants are employed, to examine and make a balance sheet of the business, and that the audit thus made is given to the stockholders at the stockholders' meeting each year. It may also be pointed out that the Iowa corporation is not a subsidiary of Adolph Gobel, Incorporated, of New York; but the record discloses that some of the officers and

directors of the Iowa corporation own stock in said New York corporation.

We now turn to the legal principles involved in this cause, and it may be observed, in the first instance, that two demands were made by the plaintiff in his petition: (1) That the plaintiff be furnished, in conformity to his prior written request, a list of the stockholders, both common and preferred; and (2) that the plaintiff be permitted to inspect certain books and records of the corporation which would show the financial status of said corporation.

I. With respect to the first proposition, there is little occasion on our part to comment. It is a matter of statutory regulation. Section 8384, Code of 1927. By the terms of said section, the secretary of any corporation, upon a written request, shall furnish to a stockholder of said corporation a printed or typewritten list, giving the names of the stockholders, their post-office address, and the number of shares owned by each stockholder. Other matters contained in said section are not material in the determination of this case. It may be further observed that a corporation must keep its books so as to show the original stockholders, their interest, the amount paid on their shares, and all transfers thereof, which books, or a copy thereof, shall be subject to the inspection of any person desiring the same. Section 8385. The instant plaintiff had a personal interest in the subject-matter; and the statutes to which reference has been made, give in general terms the absolute right to any person to examine the stock and transfer books of a corporation organized under the laws of this state. *Drennan v. Central Nat Fire Ins. Co.*, 200 Iowa 931; *Ellsworth v. Dorwart*, 95 Iowa 108. It follows, therefore, that the plaintiff, as to Proposition I, was entitled to the relief demanded.

II. Was the plaintiff entitled to the right to inspect and examine such books and records, which showed, or tended to show, the financial status of the corporation? In *Drennan v. Central Nat. Fire Ins. Co.*, supra, the order or decree entered permitted the plaintiff to inspect the records other than the stock books, and it is said in the opinion: "The order goes beyond the scope of the statute." This was undoubtedly said by reason of the language used in the petition and the prayer for relief. We have examined the original record in the *Drennan*

case, supra. There was but one thing sought by the plaintiff, and that was the right to have access to the stock records of the defendant corporation, in order to ascertain the very things which the statute in express terms granted him. The decree entered did go beyond the prayer of the petition and the pleaded allegations upon which plaintiff demanded relief. The *Drennan* case, therefore, may not be viewed as determinative of the error assigned by appellant in the instant case. It is said in the *Ellsworth* case, supra:

"It would seem from these sections [herein noted] that it is the absolute right of any person to examine the stock and transfer books of a corporation organized under the laws of this state, whether he shows himself interested therein or not; and it likewise appears that a stockholder has the right at all reasonable hours to inspect the records showing the financial condition of the corporation."

This court further said:

"The [trial] court was in error in denying plaintiff the right to examine the original record, stock, and transfer books, and the record of the financial condition of the corporation, and judgment is reversed."

It appears, therefore, that the *Ellsworth* case, supra, relied upon by the appellant herein, is not an authority for the proposition for which it is cited.

Every stockholder has some interest at stake, by virtue of his ownership of stock in a corporation. Of course, if the defendant corporation, by proper pleading and proof, establishes the fact that the plaintiff is acting pursuant to a conspiracy or otherwise illegally to injure the corporation, plaintiff would not be entitled to the relief demanded. This is simply a recognition of the maxim that he who comes into equity must come with clean hands and finger nails. In the case at bar, there is no showing that the plaintiff acted under any motive or purpose inimical to the interests of the defendant corporation. The old English rule (now modified by statute) that a stockholder must show some specific purpose rendering examination necessary, or that some matter is in controversy, is not the doctrine adopted and followed by the majority view in the United States. The

rule in the United States is that a stockholder, as such, has the right to inspect the books and records of the corporation. See 4 Fletcher Cyclopedia Corporations 4095, Section 2817; 14 Corpus Juris 855 *et seq.*, Section 1301. The reason for the rule is apparent. Stockholders of a corporation are the equitable owners of its assets, and the officers act in a fiduciary relation, as agents of the corporation and of the stockholders. There is no good reason why the stockholders, acting in good faith, for the purpose of advancing the interests of the corporation and protecting their rights as owners, should not be permitted to examine the corporate property, including the books and accounts kept by the authorized officers, for the purpose of showing at all times its financial status. See *Varney v. Baker,* 194 Mass. 239 (80 N. E. 524, with cases cited, 10 Ann. Cas. 989). It is said in *Guthrie v. Harkness,* 199 U. S. 148 (50 L. Ed. 130):

"There can be no question that the decisive weight of American authority recognizes the common-law right of the shareholder, for proper purposes and under reasonable regulations as to place and time, to inspect the books of the corporation of which he is a member."

See, also, *State ex rel. Burke v. Citizens' Bank of Jennings,* 51 La. Ann. 426 (25 So. 318); *In re Application of Tuttle,* 170 N. Y. 9 (62 N. E. 761). In *Huyler v. Cragin Cattle Co.,* 40 N. J. Eq. 392 (2 Atl. 274), it is said:

"Stockholders are entitled to inspect the books of the company for proper purposes at proper times. * * * And they are entitled to such inspection, though their only object is to ascertain whether their affairs have been properly conducted by the directors or managers. Such a right is necessary to their protection. To say that they have the right, but that it can be enforced only when they have ascertained, in some way without the books, that their affairs have been mismanaged, or that their interests are in danger, is practically to deny the right, in the majority of cases. * * * The books are not the private property of the directors or managers, but are the records of their transactions as trustees for the stockholders."

There was no burden resting upon the plaintiff to establish his motive or purpose as a stockholder in demanding the inspec-

tion and examination of the records of the defendant corporation. 14 Corpus Juris 862, Section 1317. In 7 Ruling Case Law 330, Section 307, it is said:

"It is not necessary for a stockholder in a corporation who demands an inspection of its books and records to state in his petition what his reasons are for desiring it, or to show that he is actuated by proper motives and in the pursuit of justifiable ends. It is sufficient for his petition to show that he is a stockholder; that he has requested such inspection to be made at a reasonable time; and that his request has been refused."

There is no presumption that a stockholder seeking information does so with a bad motive, or with intent to inflict injury upon the corporation. This is a matter of defense, to be pleaded and proved. 4 Fletcher Cyclopedia Corporations 4103, Section 2822. A well considered case is *State ex rel. Weinberg v. Pacific Brew. & Malt. Co.*, 21 Wash. 451 (58 Pac. 584, 47 L. R. A. 208), which involved a petition for a writ of mandamus to compel the appellants to permit an inspection of the account books of the corporation. The opinion quotes with approval the language of *State ex rel. Doyle v. Laughlin*, 53 Mo. App. 542, as follows:

"It is quite obvious, therefore, that the relator has a clear right to examine the books of the bank in question. And though the relator in his application for the alternative writ took the precaution to state the purposes for which he sought to exercise the right of inspection, this, upon principle, we think was unnecessary. If the right of inspection of the corporate books exists, whether under the statute or at common law, the purpose of the exercise of the right is immaterial."

Nor will it be presumed, when such request is made, that the purpose of the inspection is other than in the interests of the corporation; and when it is charged to be otherwise, the burden is on the officers refusing such request, or the corporation, to establish it.

We will not review the texts or the decisions further. We are satisfied, under the record, that the decree entered by the trial court should be affirmed, and it is—*Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.