E. S. ELLSWORTH, Appellant, v. S. S. DORWART, Secretary and Assistant Treasurer, and C. J. IVES, President and General Superintendent of THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

**Investigation of Books by a Stockholder:** MANDAMUS. The fact that a stockholder, in demanding permission to inspect the books of the corporation, asked for some that he was not entitled to see, does not justify a refusal to permit him to see any of the books. The fact that petitioner in *mandamus* proceedings to compel the officers of a corporation to permit him to examine the corporate books, asked that the officers be compelled to permit him to examine some books which he has no right to examine, does not justify the court in refusing him all relief. A stockholder is entitled to have his attorney and stenographer accompany him, and aid him when he decides to examine the books of a corporation. To entitle a stockholder of a corporation to examine original papers and vouchers, such papers not being included in those he is entitled by statute to inspect, he must plead and prove that some property right is involved, or that some controversy exists, or that some interest is in question, to settle which an inspection of such books is essential. Under Code, section 1279, providing that any person may inspect certain books of a corporation, the refusal of the court of all relief, in *mandamus* proceedings by the stockholder to compel the officers to permit him to examine such books, merely because petitioner is unfriendly toward the president of a corporation, is an abuse of discretion.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

TUESDAY, MAY 28, 1895.

Action of mandamus to compel the defendants, Dorwart and Ives, as officers of the Burlington, Cedar Rapids & Northern Railway Company, to exhibit certain books and papers of the corporation to plaintiff,

for his inspection and examination.    From a judg-
ment dismissing plaintiff's petition, he appeals.—
*Reversed.*

*Clark Varnum* and *C. M. Nagle* for appellant.

*S. K. Tracey* and *J. C. Leonard* for appellees.

Deemer, J.—Plaintiff is now, and for many years
has been, a stockholder in the Burlington, Cedar
Rapids & Northern Railway Company, a corporation
organized under the general incorporation laws of this
state.    The defendant Dorwart is the secretary and
assistant treasurer of this corporation, and the defend-
ant Ives is its president and general superintendent.
These officers have charge and control of the books of
the corporation which are kept at the company's gen-
eral offices in the city of Cedar Rapids.    On the twenty-
first day of April, 1893, the plaintiff applied to the sec-
retary for permission to examine the stock ledger, orig-
inal record, stock book, transfer book, financial record,
and all books and vouchers pertaining to the financial
affairs of the corporation.    In compliance with this
request, Dorwart produced the stock book and stock
ledger, and plaintiff was permitted to examine them
for a few moments only; whereupon the defendant Ives
directed that the books be taken from plaintiff, refused
to permit him to examine them further, and denied
him the right to examine any other of the books or
vouchers of the corporation.    The request was made
by plaintiff as a stockholder, at a seasonable time and
in a reasonable manner.    Plaintiff thereupon brought
this action, but his petition was denied by the court,
and thereupon he prosecuted an appeal to this court.

The following are the material sections of the
statutes bearing upon the questions for determination:

Code, section 1078: "* * * The stock books of the company must be so kept as to show intelligibly the original stockholders, their respective interests, the amount paid on their shares, and all transfers thereof; and such books, or a correct copy thereof, so far as the items mentioned in this section are concerned, shall be subject to the inspection of any person desiring the same." Section 1279: "The offices of secretary and treasurer, ·or assistant treasurer, and general superintendent, of every railway corporation organized under the laws of this state, shall be kept where the principal place of business of such corporation is to be, in which offices the original record, stock, and transfer books, and all the original papers and vouchers of such corporation shall be kept; and such treasurer or assistant treasurer shall keep a record of the financial condition of the corporation which may be inspected at all reasonable hours by any stockholder or any committee appointed by the general assembly. * * *")It would seem from these sections that it is the absolute right ·of any person to examine the stock and transfer books of a corporation organized under the laws of this state, whether he shows himself interested therein or not; and it likewise appears that a stockholder has the right ·at all reasonable hours to inspect the records showing the financial condition of the corporation. A strict construction of the statute perhaps does not give him the right to examine the original papers and vouchers, and, if such right exists at all, it is given by a liberal construction of the language used ·or by the common law. It is difficult for us to see on what theory plaintiff was denied the right to inspect the original record, stock, and transfer books, and the record of the financial condition of the company. The statute quoted plainly confers the right. · Plaintiff

asked it at a reasonable time, and was denied it, for some reason which is not disclosed.

It is said in appellees' argument that plaintiff requested and prayed for more than he was entitled to, and that they and the court were justified in denying him the right to examine any of the books. We do not think this is the rule. It was the duty of the officer, upon request, to exhibit to plaintiff such books as he was entitled to, although he called for more than he could rightfully demand; and the court was not justified in refusing him all relief because he asked for more than he was entitled to.

It is also said that the granting of the writ rested in the sound discretion of the court, and that, as the court was authorized to find that plaintiff sought the books to gratify an idle curiosity or with some unworthy motive, this court ought not to interfere. Concede that the court had a discretion in the matter, yet it is a legal discretion, which ought not to be abused. The statutes seem to confer the right in absolute terms, and, if it is to be refused in any case, it seems to us it should only be done when it is clearly apparent that the purpose of asking it is to gratify an idle whim, or to perplex, annoy, or harass the officers having the books in charge. Such intent does not appear in this case; and, if it did, we are not prepared to say that it would warrant the refusal of a statutory right. All that is shown in this connection is that plaintiff did not feel kindly toward Mr. Ives, the president, and that he had commenced some suits against him.

It is also contended that appellant had no right to examine the books at the time he requested it, because

he was accompanied by his attorney and a stenographer. This is not a sufficient excuse. Plaintiff had the right to have his attorney with him, and the attorney had a right to an amanuensis. Neither was present for an improper purpose. Each was there to speed and facilitate the investigation. *Foster v. White* (Ala.) 6 South. Rep. 88. As we have seen, the statute does not confer the right to examine the original papers and vouchers of the corporation, and we think that, to entitle plaintiff to it, he should plead and prove that some property right is involved, or that some controversy exists, or that some specific and valuable interest is in question, to settle which an inspection of these documents becomes necessary. *People v. Walker*, 9 Mich. 328. *Stettaner v. Construction Co.*, (N. J. Ch.) 6 Atl. Rep. 303.

The court was in error in denying plaintiff the right to examine the original record, stock, and transfer books, and the record of the financial condition of the corporation; and the judgment is *reversed*.