[OCTOBER TERM, 1906.]

## WYOMING COAL MINING COMPANY ET AL. v. STATE EX REL. STEWART KENNEDY.

CORPORATIONS—BY-LAWS—STOCK AND STOCKHOLDERS—INSPECTION OF BOOKS BY STOCKHOLDER—ENFORCEMENT OF RIGHT OF INSPECTION—MANDAMUS—STATUTES—CONSTRUCTION.

1. An unconditional right to inspect the books of a corporation secured to a stockholder by statute or by-law is enforceable without showing fraud or mismanagement or the purpose for which the inspection is sought; should the examination

be desired for a purpose not legitimate, that would be a matter of defense.

2. Mandamus is a proper remedy to enforce the right of a stockholder of a corporation to inspect its books under a by-law of the corporation requiring that the books and papers in the offices or custody of the secretary and treasurer shall be open at all times during business hours to the inspection of any stockholder, where the officer in charge of the books refuses on demand to permit an inspection thereof.

3. A decision of the Supreme Court of Ohio construing a provision of their Code of Civil Procedure subsequent to its adoption by this state, though persuasive, is not binding upon the courts of this state.

4. A decision of the Supreme Court of Ohio that injunction and not mandamus is the proper remedy for enforcing a stockholders right to inspect the books of a corporation on the ground that the former amounts to a plain and adequate remedy at law is not strictly a construction of the statute defining the remedy by mandamus.

5. In the statute defining mandamus as a writ issued to an inferior tribunal, a corporation, board or person commanding the performance of an act which the law specially enjoins as a duty resulting from an office trust or station, the word "corporation" is a generic term, including public, quasi public and private corporations.

[Decided November 14, 1906.   Rehearing denied December 18, 1906.]                                    (87 Pac., 337, 984.)

ERROR to the District Court, Sheridan County, HON. CARROLL H. PARMELEE, Judge.

The facts are stated in the opinion.

*Lonabaugh & Wenzell*, for plaintiffs in error.

The fact that one is a stockholder in a corporation does not give him a right to inspect its books and papers without a showing of some good and sufficient reason therefor, such as fraud or mismanagement, or that some substantial right has been denied him resulting in material injury to his interests. The petition in the case at bar is, therefore, fatally defective, since no reason for the inspection demanded is alleged further than that the relator is a stock-

holder; and there is no statute here enlarging upon the common law rule in such cases. (5 Current L., 835; Iron Co. v. Com., 113 Pa., 563; Com. v. Iron Co., 105 Pa., 111; Com. v. Ry. Co., 134 Pa., 237; Lyon v. Am. Screw Co., 16 R. I., 472; Rex v. Merch. Tailors Co., 2 B. & A., 115; Ellsworth v. Dorwart, 95 Ia., 108; Hemingway v. Hemingway, 58 Conn., 443; People v. Walker, 9 Mich., 328; People v. Ry. Co., 11 Hun, 1; Sage v. Ry. Co., 70 N. Y., 220; People v. Ry. Co., 18 J. & S., 456; State v. Einstein, 46 N. J. L., 479; Stettauer v. Construction Co., 42 N. J. Eq., 46; Stone v. Kellogg, 56 Am. St., 240; High's Ex. Leg. Rem., 310; 2 Spelling on Ex. Rel., 1612.)

The relator has mistaken his remedy. Under our statute defining mandamus, adopted from Ohio, the Supreme Court of the latter state has held that injunction and not mandamus is the remedy to enforce a right of inspection of corporate books; and that holding is controlling here upon the general rule that when one state adopts a statute of another state it also adopts the construction placed thereon by the courts of the latter state. Under our statute, therefore, mandamus is not the proper remedy. (Freon v. Carriage Co., 42 O. St., 30; State ex rel. v. Carpenter, 51 O. St., 83; Fraternal Mystic Circ. v. State ex rel., 61 O. St., 628; Cincinnati V. Co. v. Hoffmeister, 62 O. St., 189.)

*E. E. Enterline* and *W. E. Mullen,* for defendant in error.

Granting that at common law the petition should allege fraud or mismanagement or the like, there is sufficient here alleged to show at least the existence of circumstances injurious to the relator's interests. It is alleged that the treasurer failed to make a report at the last annual meeting of the stockholders in violation of the by-laws. A plain violation of a duty of the secretary and treasurer is also shown by the averment that he refused to keep the books open for inspection by any stockholder as required by one of the by-laws of the company. The by-law enjoins that duty upon the officer mentioned. It has the force of a statutory enactment since it was adopted by virtue of stat-

utory authority. (R. S. 1899, Sec. 3039; Thomp. on Corp., 938, 939; Diefenderfer v. State (Wyo.), 83 Pac., 593.) The object of mandamus is to afford specific relief. (Lobban v. State, 9 Wyo., 390.) It is the proper remedy in cases like the one at bar. (3 Blackst., 110; Crawford v. Carson, 35 Ark., 565; 20 Ency. Pl. & Pr., 794; People v. Thropp, 12 Wend., 98.) The Ohio cases cited have no application. First, the duty sought to be enforced is here specifically enjoined by law; second, the statute is not peculiar to Ohio. In other states with similar statutes defining mandamus it is held a proper remedy in this class of cases. (Ellsworth v. Dorwart, 95 Ia., 108.) The remedy is practically the same in all the states. The earliest Ohio case cited in the brief of plaintiffs in error is not in point upon the precise question here involved.

SCOTT, JUSTICE.

This is a proceeding in mandamus which was commenced in the District Court of Sheridan County by the relator, Stewart Kennedy, against the respondents, plaintiffs in error, to compel the said company and Birkhaeuser, its vice president and acting secretary and treasurer, to permit the relator to inspect the books and records of the company. A demurrer to the petition was interposed by the respondents on the ground that the facts stated therein were insufficient to constitute a cause of action against them. Upon a hearing the trial court overruled the demurrer and the respondents elected to stand upon the demurrer and the ruling thereon. Judgment was rendered as prayed in the petition, and respondents bring the case here on error.

It appears from the petition that the coal company is a corporation duly created and organized under the laws of Wyoming, engaged in mining coal and doing business at all times mentioned, at Monarch, in Sheridan County, Wyoming, where its principal office is located; that its capital stock is composed of one million shares, of the par value of one dollar each; that relator was during all times mentioned and is now a stockholder in said company, being the

owner of 60,001 shares of the capital stock; that the company has, during the time it has been so engaged in mining, marketing and selling coal, done so at large profit, but has never declared any dividend, and that relator is unable to state the amount of the profits, owing to the fact that he was refused permission to examine the books, papers and effects of the company, and that no financial statement has ever been made or furnished him by the company or by any of its officers; that in and by the laws duly adopted by the company it is provided that the books and papers in the offices or custody of the secretary and treasurer shall be open at all times during business hours to the inspection of any stockholder; that in and by the by-laws the secretary is required to record the proceedings of the board of trustees, make out stock certificates, keep a ledger containing full data as to the stock of the company, have charge of the corporate seal, and perform such other duties as from time to time may be imposed or required of him by the board of trustees. It is further provided that the treasurer shall have custody of the company's funds, pay out the same on order of the board of trustees, keep accurate accounts of the financial business and dealings of the company, make and render reports at the annual meetings of the financial business and dealings of the company. The fiscal year shall end on June 30th of each year, and the annual stockholders' meetings shall be held on the fourth Monday in July each year at 3 o'clock p. m. That the treasurer of said company failed to make any report at the last annual stockholders' meeting, or at any time; that respondent Birkhaeuser under the provisions of the by-laws holds the office of acting secretary and treasurer of the company; that relator has made frequent demands in writing upon said Birkhaeuser, the acting secretary and treasurer, for a financial statement of the business affairs and transactions of the company, which demands were refused; that on or about the 13th or 14th day of February, 1906, relator during business hours went to the principal office of the company at Monarch and demanded of

said Birkhaeuser, the then acting secretary and treasurer, permission to inspect the books, papers and effects of the company in relation to its business affairs and transactions, and such permission was by the said Birkhaeuser refused and is still refused, although the said Birkhaeuser as acting secretary and treasurer then and there had such books, papers and effects in the said office in his possession and under his control; that relator's object and purpose was and is to secure the honest and economical administration of the affairs of the company, and to take such measures as may be deemed necessary to accomplish that end and thereby protect his own interests. Then follows the prayer in the usual form.

Taking everything alleged in the petition as true, it does not appear that the officers in charge of the business of the company have been guilty of fraud or mismanagement. It is earnestly contended that the absence of such an allegation renders the petition fatally defective. It does appear by allegation which must be deemed and taken as true upon the demurrer that the company was organized and a going concern in February, 1906; that its last annual meeting was held in July preceding, at which time a dividend was passed, and there was no financial statement as required by the by-laws made, and that during all that period the relator was a stockholder, and that as such stockholder he has been denied a financial statement of the business affairs of the company, although he has made written request therefor, and that he has also been denied access to or an inspection of the books and records of the company when application so to do was made at a reasonable time; and further that such inspection was sought not for mere idle curiosity or to in any wise injure the corporation.

The right of the relator as a stockholder, upon proper showing, to inspect the records and books of the corporation is well recognized at common law. Indeed that right is so well established that it needs no discussion. There is no statutory enactment in this state declaratory of nor in any

wise changing or modifying that rule, but we may deem the by-law as plead and which was adopted by and in pursuance of the delegated power to the corporation as declaratory and an enlargement of such common law right. "When such right, under the common law rule, is denied, the writ of mandamus will not issue to enforce the mere naked right or to gratify mere idle curiosity. It is necessary and incumbent upon the relator to show some specific interest at stake rendering the inspection necessary, or some beneficial purpose for which the examination is desired." (High on Extraordinary Legal Remedies, Sec. 310; 2 Spelling on Extraordinary Relief, Sec. 1612.) Treating the by-law as having full force and effect, enacted pursuant to statutory authority, and not being in conflict with any statutory provision relating to and effecting the administrative affairs of the corporation and granting to the stockholder an unconditional right, it enters into and changes the common law rule as to the necessity of alleging or proving the purpose for which such examination is sought. Under this by-law, if the object of the examination sought was mere idle curiosity or an illegitimate purpose, that would be a matter of defense. In construing a statutory provision to the same effect, it was said by the Supreme Court of Alabama, in Foster v. White, 86 Ala., 467: "The stockholder is not required to show any reason or occasion rendering the examination opportune and proper, or a definite or legitimate purpose. The custodian of the books and papers cannot question or inquire into his motive or purpose. If he has reason to believe that they are improper and illegitimate, and refuses the inspection on that ground, he assumes the burden to prove them such. If it be said this construction of the statute places it in the power of a single stockholder to greatly injure and impede the business, the answer is, the Legislature regarded his interests in the successful promotion of the objects of the corporation a sufficient protection against unnecessary or injurious interference. The statute is founded upon the principle that the stockholders

have a right to be fully informed as to the condition of the corporation, the manner in which its affairs are conducted, and how the capital to which they have contributed is employed and managed." If the state can by legislative enactment make such a law to govern and regulate the affairs of corporate bodies, then there is no reason why those entrusted with the affairs of a corporation cannot make by-laws not in conflict with any statute or constitutional provision and in furtherance of conducting the affairs and business for which it was organized, and effecting the relation and establishing the rights of those who have contributed to its capital. (Sec. 4417, Thomp. Corp.)

It is, however, urged that the remedy is not mandamus, but by injunction. Section 4194, Revised Statutes, is as follows: "Mandamus is a writ issued in the name of the state to an inferior tribunal, a corporation, board or persons, commanding the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station"; and Section 4197, Revised Statutes, is as follows: "The writ must not be issued in a case when there is a plain and adequate remedy in the ordinary course of the law." It is not pointed out nor do we understand where there is a plain and adequate remedy in the ordinary course of the law upon the facts alleged in the petition. The cases cited where mandamus was denied relate to an attempt to compel the transfer of stock upon the books of a corporation, and it seems to us are inapplicable to the case before us, for in all such cases there is a remedy at law for damages, and the corporation as such is not charged by law with the specific duty to make such transfers. The distinction is clear between that class of cases and those where the duty is specially enjoined by law. As we have already held, the by-law plead and relied upon by relator as the basis of his right to maintain this suit is, so far as it affects the Wyoming Coal Company, its officers and stockholders, as legal and binding as though it were a general law enacted by the Legislature. The cases cited in support of the contention

of the plaintiffs in error are all predicated upon the common law rule in the absence of a statute and where there was no by-law of the corporation from which flowed the right here claimed. They are clearly distinguishable from those cases where the right to an inspection of its books by a stockholder of a corporation is held primarily to be an unconditional one and which are based upon a statutory provision conferring the right and in all of which mandamus is held to be the proper remedy when such right is denied. (Stone v. Richardson, 7 Houst., 338; Ellsworth v. Dorwart, 95 Ia., 108; State ex rel. v. St. L. & S. F. Ry. Co., 29 Mo., 301; State ex rel. Bergenthal v. Bergenthal, 72 Wis., 314.) There is no difference in principle between these cases, where the right is a statutory one, and those in which the writ has been awarded to perform a duty enjoined by the charter or a by-law of a corporation. In People v. Pacific Mail Steamship Co., 34 How. Pr., 193, the right to inspect the list of stockholders was given both by the charter and the statute and such right upon a refusal to permit such inspection was enforced by mandamus. In Lynn et al. v. American Screw Co., 16 R. I., 432, it was held that the refusal to perform the duty enjoined or imposed by a by-law was properly the subject of a suit in mandamus. It was so held in Cockburn v. Union Bank, 13 La. Ann., 289. The relator has plead the by-law. He, therefore, relies upon a right given, and not upon a showing such as is required by the common law, and which, in the state of the pleadings, is conceded by the respondents, who have refused and do refuse to perform their duty which is enjoined by the by-law, and by so doing they have deprived and do deprive relator of a primary right to which he and every other stockholder of the company is entitled. We are of the opinion, therefore, that the trial court properly overruled the demurrer and upon the respondents' refusal to plead further the awarding of the peremptory writ was proper and the judgment will be affirmed.                          *Affirmed.*

POTTER, C. J., and BEARD, J., concur.

ON PETITION FOR REHEARING.

SCOTT, JUSTICE.

Plaintiffs in error have filed a petition for rehearing upon the ground that the court did not discuss the case of Cincinnati Volksblatt Co. v. Hoffmeister, 62 O. St., 189, in the opinion filed. It is urged that that decision is binding on this court as a construction of Sections 4194 and 4197, Revised Statutes, and that so construed, mandamus was not the proper remedy. That case was decided long subsequent to the adoption of the provisions of the Ohio Code of Civil Procedure by this state, and while such adoption ordinarily bound the courts of this state to the construction which had been theretofore placed upon the provisions of the code by the Supreme Court of that state, yet the courts of Wyoming are not so bound by subsequent construction, which construction may be persuasive, though not conclusive. The provisions of those sections were not new in this jurisdiction. Sections 607 and 608 of the Civil Code found in the Comp. Law, Wyo., 1876, are practically identical and may be deemed to have been re-enacted and continued in force by the enactment in 1886 of Sections 4194 and 4197, *supra*. In Cincinnati Volksblatt Co. v. Hoffmeister, *supra*, Hoffmeister, a stockholder, brought suit to enjoin the company from refusing to allow him to inspect the books and records of the corporation, a right which was given him by statute, and to fix a reasonable time for such inspection. Upon objection it was held that the suit was properly brought and that the remedy was by injunction and not by mandamus, on the ground that injunction afforded the plaintiff a plain and adequate remedy at law within the meaning of Section 6744, R. S. O., which section is identical in language with our Section 4197, *supra*. The court says: "The complaint of plaintiff is that he is unlawfully prevented from the enjoyment of a right which is incident to his ownership of stock, and his remedy is that the corporation be compelled to desist from such deprivation. This does not call for the performance of an act which the law specially enjoins. It is, on the other hand, an act which may be compelled by in-

junction in the common and ordinary exercise of that power. There is, therefore, a plain and adequate remedy open to him in the ordinary course of the law, for within the meaning of the statute, an equity proceeding is a proceeding of that character." Strictly speaking, the holding of that court that it was a case for injunctive relief did not amount to a construction of the statute defining the remedy by mandamus. The court determined that there was another and adequate remedy open to the plaintiff, and that being the case he could not resort to mandamus, and in effect the decision goes no further. The statute conferring the right to inspect the books in that case says: "And the books and records of such corporations shall at all reasonable times be open to the inspection of every stockholder." The court proceeds upon the assumption which is one of law that the books are so open to inspection at all times with the limitation that the times shall be reasonable. No affirmative act upon the part of any officer of the company is required or necessary to the enjoyment of such right, and the refusal by anyone to permit the books to be inspected is an interference with such right. They were in the control of the company, and the application to inspect was made to the company and not to the officer charged with their custody, nor was the suit against anyone other than the corporation. In the case before us the application was made to the respondent Birkhaeuser, who was at the time vice president and acting secretary and treasurer for permission to inspect the books, but that he, "Birkhaeuser as such vice president, acting secretary and treasurer, although then and there and now in the possession and control of all the books, papers and effects of said company in relation to its business affairs and transactions wholly failed and refused, and still fails and refuses, to permit the relator to inspect the same or any of them." They were in his actual custody and control by the provisions of the by-law and they were required to be kept open for inspection during business hours. The duty to keep them open was a duty devolving upon Birkhaeuser by virtue of his official position, he having, as such

officer, assumed their possession and custody. It was his duty as the actual custodian to keep them in the place required by the by-laws, open and accessible to any stockholder who desired to inspect them during business hours. This involved a duty to produce the books for that purpose, and in this respect the case is different from the Ohio case, *supra*. Injunction is a preventative remedy. In the case before us the relator was denied access to the books of the company when it was the duty of Birkhaeuser, their custodian, to produce them for his inspection. We are aware that the decisions are conflicting as to whether such duty will be compelled by mandamus. It is held by some of the courts that to do so would be to permit the use of the writ to redress private wrongs; other courts hold that there is no other remedy at law and that the performance of the duty, though private in character, will be compelled by mandamus. (19 A. & E. Ency. of Law (2d Ed.), p. 869., and cases there cited.) The word "corporation" as used in Section 4194, Revised Statutes, we think, is a generic term and includes public, quasi-public and private corporations. The ordinary and plain meaning of the section would seem to include these different classes and we see no reason for interpolating the words *public* or *quasi-public* before the word "corporation," thus giving it a restricted meaning. The remedy by injunction would in our judgment be inadequate. The right without interference to inspect the books might be protected by the writ of injunction in a proper case, but the refusal to permit any inspection imports also a refusal to produce the books of the corporation by the custodian. It requires an affirmative act upon the part of the custodian in order that the right may be enjoyed and without which the relator would be powerless. As bearing on the questions presented in the case we cite without further comment Angell & Ames on Corporations, page 710; High, Extraordinary Legal Remedies, Sec. 308; Cook on Stock, Stockholders and Corporations, Secs. 514, 515, 516, 518.                                    *Rehearing denied.*

POTTER, C. J., and BEARD, J., concur.