A. W. LEHMAN, appellee, v. NATIONAL BENEFIT INSURANCE COMPANY et al., appellants; K. B. MERRILL, appellee.

No. 48101.

(Reported in 53 N.W.2d 872)

1350

June 10, 1952.

Rehearing Denied October 17, 1952.

Richard W. Merryman and Miller, Davis, Hise & Howland, all of Des Moines, for appellants.

Ben B. Hockenberg and Putnam, Putnam & Putnam, all of Des Moines, for appellee A. W. Lehman.

Oliver, J.—Plaintiff is and has been for some years a stockholder of defendant National Benefit Insurance Company, an Iowa corporation. Defendants Powell and Gunn are officers of the company. K. B. Merrill, also named as a defendant, entered a special appearance which was sustained. That order is not questioned in this appeal. The petition recited plaintiff, August 11, 1951, served written demand for inspection, examination and copy of books, documents and records of defendant insurance company, consisting of the minute book; stock ledgers, records and transfer books; all ledgers, records and books of account; a detailed financial statement of the company as of January 1, 1951, and subsequent trial balances; also full and correct entries of all transactions of the Board of Directors since January 1, 1950, as provided for in the 1950 Code of Iowa. It is not contended this demand was refused.

The petition alleged another written demand October 8, 1951, for the inspection and examination and copy of: Sample

of each policy approved by the company since October 1948; claim register; claim files since October 1, 1948.

The petition alleged defendants had refused this demand; the instruments demanded dealt directly with and involved the financial condition of the insurance company; plaintiff was personally interested in obtaining said instruments for the purpose of inspection, examination and copy, and had been damaged by their refusal. Plaintiff prayed a writ of mandamus, commanding defendants to produce said instruments for his inspection and copy.

Defendants' answer, filed November 5, 1951, was in several divisions. Division I admitted the refusal to produce but denied the records demanded dealt directly with and involved the financial condition of the insurance company and denied the allegations of damage, etc.

Division II asserted the petition failed to state a cause of action or make any claim upon which relief could be granted, for that: (1) Plaintiff as a stockholder had no right of inspection or examination of the books, records and documents of defendant company as demanded in plaintiff's petition. "(2) The rights of inspection provided by the insurance statutes of Iowa with reference to stockholders in domestic insurance companies are exclusive and they do not include the right to inspect, examine and copy the books, records, and documents demanded in plaintiff's petition."

Division III alleged:

"Par. 1. The demand for inspection, examination and copy of the books, records and documents of defendant company as set out in plaintiff's petition is not made with any proper purpose, but in fact is made for one or more of the following wrongful purposes: to harass and annoy the management of defendant company; to aid plaintiff in his work in connection with a competing company; to seek out technical defects for the purpose of instituting a nuisance suit against one or more of the defendants; to stir up policy-holder litigation with defendant company, or to otherwise impair harmonious relations of defendant company with its policy holders; to induce defendants to buy plaintiff's stock."

Other paragraphs of Division III state in substance: Plaintiff is continuously engaged in soliciting applications for insurance for a competitor insurance company. Plaintiff's attorney has already inspected defendants' books and records which were produced under the demand of August 11, 1951. Policy forms and annual statements and reports of defendant company are filed in the office of the Iowa Commissioner of Insurance and are available for inspection to the public and plaintiff.

November 5, the day their answer was filed, defendants filed also application for determination of law points under Rule of Civil Procedure 105, praying the court to fix a date for hearing and determination of the law point set out in Division II of the answer. Said hearing was ordered held November 10 and was held December 5. The parties stipulated defendant insurance company had been a mutual assessment company, in October 1948 was transformed into a stock company under chapter 508, Code of Iowa, 1946, has since been insuring the health of persons, etc., under Code section 508.29 and is subject to the provisions of chapter 515.

December 18, 1951, the court filed its conclusions of law on defendants' application for determination of law points under Rule of Civil Procedure 105, holding Senate File 222, which is chapter 181, Acts of the Fifty-fourth General Assembly, was not applicable to defendant company; that section 515.33, Code of Iowa 1950, was applicable and plaintiff had the right thereunder to inspect all transactions of defendant company but not to make copies thereof or extracts therefrom.

December 20 the court rendered judgment which recited the determination of law points under Rule of Civil Procedure 105 found chapter 181, 54th G. A. (Senate File 222) was not applicable and that section 515.33, Code of Iowa 1950, was applicable.

The judgment commanded defendants to submit the books, records and documents in question for plaintiff's inspection but denied plaintiff the right to make copies of or extracts from the same.

Defendants have appealed from the judgment in favor of plaintiff. Plaintiff has appealed from the parts of the judgment

denying him the right to make copies or extracts, and adjudicating that Senate File 222 was inapplicable.

I. Chapter 491, Code of Iowa 1950, governs corporations for pecuniary profit. Code section 515.1 provides insurance companies, other than life insurance, shall be governed by the provisions of chapter 491 except as modified by the provisions of chapter 515. Senate File 222 amended chapter 491 by striking sections 491.46, 491.47, 491.50 and part of 491.53 requiring corporations to furnish lists of stockholders, keep stock books for inspection, etc., and enacting substitutes therefor. Section 5 of Senate File 222 provides any stockholder of record shall have the right to examine, for any proper purpose, the stock records, minutes and records of stockholders' meetings and the books and records of account and to make extracts therefrom. Section 6 provides sections 3, 4 and 5 "shall not apply to building and loan associations, savings and loan associations, deposit, loan and investment records of banks and trust companies, or insurance companies organized under the laws of the State of Iowa, and to whom the provisions of chapter four hundred ninety-one (491) of the Code of Iowa, 1950, would otherwise be applicable."

Plaintiff would interpret section 6, not as making the prior sections inapplicable to insurance companies, but as making them inapplicable only to deposit, loan and investment records of insurance companies. Otherwise stated, plaintiff would read section 6 as though the comma after the words "trust companies" were omitted. In overruling this contention the trial court stated deposit, loan and investment records appear to apply peculiarly to banks and trust companies. Records of insurance companies are not usually so listed. The interpretation contended for by plaintiff would not only require a change in the punctuation of the section but would also tend to make the language used uncertain in meaning.

We hold section 6 of chapter 181, 54th G. A. (Senate File 222) makes the provisions of section 5 inapplicable to defendant insurance company. Except for sections 1 and 2 of chapter 181, which repealed certain sections in chapter 491 of the Code, requiring corporations to furnish lists of stockholders, stock books and transfers, etc., not involved in this case, chapter

181 did not affect any right of inspection of the books and records of defendant insurance company which plaintiff may have had at common law and by statute. Hence, the trial court did not err in refusing to command an inspection under chapter 181, 54th G. A., and that division of plaintiff's cross-appeal is not well founded.

II. A stockholder ordinarily has a right at common law to inspect and examine the books and records of the corporation, at a proper time and place and for a proper purpose. 18 C. J. S., Corporations, section 502; 13 Am. Jur., Corporations, section 432. This common-law right is qualified and will be enforced by courts only where the stockholder's motive is to use the information for some proper and legitimate object, germane to his interest as a stockholder. 13 Am. Jur., Corporations, section 441; 18 C. J. S., Corporations, section 503, page 1177 et seq. Annotation in 15 A. L. R.2d 14, 15, purpose for which stockholder or officer may exercise right to examine corporate books and records. Annotation in 22 A. L. R. 24, 28, supplemented in 43 A. L. R. 783, 59 A. L. R. 1373, 80 A. L. R. 1502, and 174 A. L. R. 262. The annotations in A. L. R. cover the broad subject of stockholder's or officer's right to inspect books and records of corporation.

Chapter 515, Code of Iowa 1950, is entitled Insurance Other Than Life. Section 515.33 provides in part: "Record and inspection. The directors shall keep full and correct entries of their transactions, which shall at all times be open to the inspection of the stockholders * * *."

The trial court found this section applied to defendant insurance company. Both sides agree that was correct.

The disagreement at this point concerns the scope of section 515.33. The trial court interpreted the words in the statute "their transactions" to mean all the transactions of defendant company and adjudicated section 515.33 conferred upon plaintiff shareholder the right to inspect and examine all the books, records and documents of defendant insurance company, of every nature, including copies of policies, the claim register and claim files. Defendants contend the "entries" referred to in the statute included only the record of the actual transactions of the board

of directors itself and assign error to that part of the adjudication.

Section 515.33 was enacted in 1868 in substantially its present form as a part of section 11, chapter 138, Acts of the Twelfth General Assembly, which was entitled "General Insurance Law, An Act to Regulate Insurance Companies." At that time insurance companies in this state were small, and the directors conducted the details of the operation of such companies. Hence, the full entries of the transactions of the directors required by the statute then included all books, records and instruments of the company. It is a fair inference that was the legislative intent. Otherwise the inspection provision of that general Act regulating insurance companies would have had no practical force or effect. Its effect should not be changed merely because now the details of operating such companies are largely delegated to others by the directors.

Statutes providing for the inspection by stockholders of corporation records are salutary. They are generally regarded not as abridging the stockholder's common-law right of inspection but as conferring rights supplemental thereto by removing some of the common-law restrictions. Such statutes should be liberally construed in favor of stockholders. 22 A. L. R. 31; 18 C. J. S., Corporations, section 502, page 1177; 13 Am. Jur., Corporations, section 434, page 483; Ellsworth v. Dorwart, 95 Iowa 108, 110, 63 N.W. 588, 58 Am. St. Rep. 427. The right to inspect extends to all papers, contracts, books or other instruments from which the stockholder can derive any information which will enable him to protect his interests. 13 Am. Jur., Corporations, section 437, page 485; Ellsworth v. Dorwart, supra, 95 Iowa 108, 63 N.W. 588, 58 Am. St. Rep. 427. We conclude the adjudication Code section 515.33 gives shareholders the right to inspect all the books and instruments in question was correct.

III. Defendants assign error to the adjudication that section 515.33, Code of Iowa, confers "upon plaintiff an absolute and unqualified right to inspect and examine the books, records, and documents in issue, whether or not plaintiff has a proper purpose." Upon this point the text in 13 Am. Jur., Corporations, section 442, pages 488, 489, states:

"As an abstract and substantive rule of law this statement is accurate, and the rule is effectual to the extent,, at least, of relieving the stockholder who applies for a mandamus to enforce the right of the burden which rested upon him at common law of showing, in the first instance, a proper and legitimate purpose in the inspection and the necessity of the aid of the court by its writ of mandamus to enforce the right."

13 Am. Jur., Corporations, section 446, page 493, states:

"In other states the provisions authorizing the stockholders to inspect the books of the corporation, or certain books, have. been held not to affect the rule of practice that mandamus is a discretionary writ, which will not be issued except for just cause and a proper purpose. It would seem that the trend of the later decisions supports the latter rule."

There is like language by the author of the annotation in 22 A. L. R. 24, 31. See also 15 A. L. R.2d 11 et seq.

Ontjes v. Harrer, 208 Iowa 1217, 1223, 227 N.W. 101, 103, an action in mandamus to compel inspection, holds a stockholder has a right in good faith to inspect corporate records, and if his application for such purpose is not in good faith the corporation must so allege and prove. The decision states: "There is no presumption that a stockholder seeking information does so with a bad motive, or with intent to inflict injury upon the corporation. This is a matter of defense, to be pleaded and proved."

Although the question there was the converse of that here presented, the rule indicated in the cited case appears sound and accords with the more recent decisions of various other courts. Hence, we adopt it and hold the assignment of error is well founded.

IV. Under the foregoing doctrine defendants had the right to plead and prove plaintiff's purpose in seeking inspection was improper. Defendants so pleaded in paragraph 1 of Division III of their answer. The sufficiency of such pleading was not assailed. However, the court adjudged it was immaterial whether or not plaintiff had a proper purpose and it appears defendants were given no opportunity to prove the matters so pleaded. At this point a complication appears. Plaintiff filed no reply. De-

fendants contend that, under Rules of Civil Procedure 73 and 102 the facts pleaded in paragraph 1 of Division III of their answer, not having been denied, were deemed admitted. Various excuses are suggested for plaintiff, among which is the contention the procedure was such he had no opportunity to file a reply. We conclude that upon remand of this case plaintiff may request permission to file a reply, which the trial court in its discretion may grant or refuse.

We do not infer matters pleaded in other paragraphs of Division III, if proven, would justify the denial of the writ. See 18 C. J. S., Corporations, section 503, page 1181; 13 Am. Jur., Corporations, section 432, page 481; 22 A. L. R. 99; 174 A. L. R. 290.

■ V. Plaintiff has cross-appealed also from the part of the judgment denying him the right to take copies of or extracts from the books, records and documents in question. We hold this part of the judgment was erroneous. Most authorities agree the right to inspect the books carries with it the right to take extracts or copies therefrom. It has been said this right is essential to an advantageous exercise of the right of inspection. See 18 C. J. S., Corporations, section 508, page 1186; 13 Am. Jur., Corporations, section 439. Many authorities are listed in annotations in 22 A. L. R. 94, 59 A. L. R. 1381 and 174 A. L. R. 288. Ellsworth v. Dorwart, 95 Iowa 108, 112, 63 N.W. 588, 589, 58 Am. St. Rep. 427, states:

"Plaintiff had the right to have his attorney with him, and the attorney had a right to an amanuensis. Neither was present for an improper purpose. Each was there to speed and facilitate the investigation."

The judgment of the trial court is reversed in part upon the appeal of defendant and the cross-appeal of plaintiff and is remanded for further proceedings in harmony herewith. The costs upon appeal are ordered taxed one half to plaintiff and one half to defendants.—Affirmed in part, reversed in part upon each appeal and remanded.

All JUSTICES concur.