## CLAWSON v. CLAYTON et al.

No. 1869. Decided January 16, 1908 (93 Pac. 729).

1. CORPORATIONS—MEMBERS AND STOCKHOLDERS—INSPECTION OF COR-
PORATE BOOKS AND RECORDS. Under section 329, Revised Statutes
1898, providing that the books of every corporation organized in
this state shall at all reasonable hours be subject to the inspection
of any *bona fide* stockholder of record, the right to make an inspec-
tion and examination of the books at reasonable times, by a stock-
holder, is an absolute, and not a qualified, right.

2. SAME. The fact that the right of a stockholder to inspect the
corporate records is sought to be strictly enforced by section 4415,
Pen. Code, providing that a refusal to allow a stockholder to in-
spect the books is a misdemeanor, emphasizes the existence of the
right, rather than qualifying it.

3. SAME. The right of a stockholder to inspect the corporate books
is qualified only, in that he must examine them at reasonable times,
and shall not unnecessarily interfere with the corporation's
work.

4. MANDAMUS—INSPECTION OF CORPORATE BOOKS—RIGHT OF STOCK-
HOLDER—ENFORCEMENT—PRESUMPTIONS. Where a stockholder de-
mands an inspection of the corporate books from a bad motive,
or at a time and in a manner which unnecessarily interferes with
the corporate officers or their work, the exercise of the right will
not be enforced by the court, but these objections are matters of
defense, and not things the stockholder must negative in the first
instance, nor will they be presumed because he selects an agent to
make the inspection for him.

5. CORPORATIONS—STOCKHOLDERS—INSPECTION OF CORPORATE BOOKS. The doctrine that an act which is not a mere personal privilege or which does not involve a personal trust may, as a general rule, be done through another, applies to the right of a stockholder to inspect corporate books.[1]

6. SAME. The business hours of a corporation are "reasonable hours" in which to inspect its books, within the meaning of section 329, Revised Statutes 1898, providing that the books of every corporation organized in this state shall at all reasonable hours be subject to the inspection of any *bona fide* stockholder of record.

APPEAL from District Court, Third District; T. D. Lewis, Judge.

Action by Spencer Clawson against I. A. Clayton and the Clayton Investment Company. From a judgment for plaintiff, defendants appeal.

AFFIRMED.

*Young & Snow* for appellants.

*Young & Moyle* for respondent.

FRICK, J.

The plaintiff, as a stockholder, made application to the district court for an order requiring the defendants to permit him to inspect the books of the defendant company. The plaintiff, after alleging the incorporation of the defendant company, in substance, states that he is a bona fide stockholder of record of the defendant corporation; that at various times during business hours of the corporation he had applied to the corporation and its secretary for permission to inspect the corporate books, through an accountant, in his behalf; that the defendant I. A. Clayton is the secretary and treasurer of said corporation, and as such has charge of all of its books; and that said defendants have, at all times, refused, and still refuse, to permit the plaintiffs to inspect the books of said corporation through an accountant as aforesaid.

---

[1] Harkness v. Guthrie, 27 Utah 248, 75 Pac. 624, 107 Am. St. Rep. 664.

The defendants admitted the corporate existence of the defendant company; admitted that I. A. Clayton was the secretary and treasurer thereof, and that as such, at all times, had the custody and control of all the books of the corporation; and further admitted that the plaintiff is a bona fide stockholder of record of the defendant corporation. The defendants denied all the other allegations, and averred that the plaintiff at all times was acquainted with the system of bookkeeping adopted by said corporation, and that he was well qualified and competent to examine and inspect said books personally; that the defendants always were ready and willing to have the plaintiff make a personal examination and inspection of said books, but that they refused the plaintiff the right to make such examination and inspection through an agent and accountant. Upon a hearing to the court, it made findings in favor of the plaintiff, and, as a conclusion of law, found that the defendant unlawfully denied the plaintiff the right to examine and inspect the books of said corporation through an accountant, and ordered the defendants, their agents, servants or employees forthwith to permit the plaintiff, through an accountant, to examine and inspect the books of the corporation during business hours at its office and in absence of the plaintiff. From this judgment, the defendants appeal.

All the assignments of error may be determined upon the one that the court erred in making the order permitting an inspection of the books of the corporation through an accountant, where, as in this case, the right to a personal inspection by the stockholder is not denied. At common law the inspection of corporate books by the stockholder was held to be a matter of privilege, rather than a matter of right. At all events the right, if we call it such, was held to be a qualified right, and to some extent at least discretionary. In this view, it was sometimes held that the right of inspection was personal to the stockholder, and, unless he made it appear that he was physically unable or otherwise disqualified to make a proper examination of the corporate books, that such an examination by an agent or attorney would not be permitted.

In some cases it was further held that the stockholder should make it appear what the purpose of the examination was, and that he had some good reason for demanding an inspection. The foregoing doctrine is invoked by the defendants as applicable to this case. Most of the states have enacted statutes upon the subject. These statutes while somewhat varied in phraseology are in harmony with regard to their purpose. Section 329, Rev. St. 1898, as contained in the chapter devoted to private corporations, reads as follows: "The books of every corporation organized under the laws of this state must be so kept as to show the original stockholders, their interests, the amount paid on their shares, and all transfers thereof; all books of any corporation shall, at all reasonable hours, be subject to the inspection of any bona fide stockholder of record." This section is supplemented by section 4415 of the Penal Code, which, in substance, provides that every officer or agent of any corporation who has in his custody or control any books, paper, or document of such corporation, and who refuses a stockholder, upon lawful demand, during office hours, the right to inspect or take a copy of the same, or any part thereof, is guilty of a misdemeanor. It is contended by the defendants that, since a refusal of inspection involves a penal offense, the statute should receive a strict construction, and that a reasonable construction of it would limit the right of inspection to the stockholder personally, unless some good reason is shown by him why he cannot make it.

It is further contended that the stockholder should be required to give some reason why he desires an inspection of the books. We cannot assent to these contentions. As we view the matter the right to make an inspection and examination of the corporate books, at reasonable times, by a stockholder, is an absolute, and not a qualified right. The right is given by statute without a qualification, except that it be made at reasonable hours. The fact that the right is sought to be strictly enforced by a penal statute emphasizes the existence of the right, rather than qualifies it. The officers of the corporation, while directly its agents conducting its affairs,

are nevertheless selected and chosen by the stockholders. The corporation is the creature of the stockholders. They are not the creatures of the corporation. The stockholder thus having a beneficial interest in the corporate property is interested in the conduct of its affairs, and he also has an interest in knowing whether or not the officers of the corporation, for whose selection he is in part, at least, responsible, are faithfully discharging their respective duties. In what way may he ascertain this fact better than by an inspection of the books and records in which all the proceedings and transactions of these officers, as agents of the corporation, are recorded? Is he not entirely within his rights, as well as within the provisions of the statute, when he demands an inspection of the books and records at any reasonable time? We think he is. But it is asserted that the right is personal to the stockholder. What reason is there for this contention in view of what we have said above? The purpose of inspection and examination of the books is to give the stockholder all the information he may desire with regard to the corporate affairs. To obtain this information is his absolute right. Since he had a choice, with the other stockholders, and, if he held the majority of the stock, he had this choice alone, in selecting the officers and agents of the company, we think that he also has the right to say whom he will choose in obtaining the information he desires. Nor do we think it lies with the officers or agents of the corporation, whose acts bind the stockholder, to say in what way or through whom he shall ascertain the manner in which the corporate affairs are conducted by them, provided he does this at reasonable times, and does not unnecessarily impede or interfere with their work. Nor may they pass upon the motives that prompt him in seeking the information. At all events, it will not be presumed, in the first instance, that the stockholder in seeking the information to which he is entitled as a matter of right does this with bad motives, or that he thereby intends to inflict an injury upon the corporation, or upon any one. If there be such a motive, and this is the only reason why an inspection is desired, or if the stockholder demands inspection at such times, and in such

manner as unnecessarily interferes with the corporate officers, or unduly impedes their work, no doubt this would not be a proper exercise of the right, but an abuse of it, and would not be permitted by the court. These things, however, are matters of defense, and not matters that the stockholder must negative in the first instance. Nor are these things presumed from the fact that the stockholder selects some agent to make the inspection or examination in his behalf. An act which is not a mere personal privilege, or which does not involve a personal trust may, as a general rule, be done through another. This doctrine, we think, applies to the right of a stockholder to inspect corporate books.

In 10 Cyc. 958, the law upon this subject is stated in the following language: "The stockholder is not confined to a personal inspection by himself, but may exercise the right through an agent, attorney, solicitor, counselor, or expert." The case of *Cincinnati Volksblatt Co. v. Hoffmeister,* 62 Ohio St. 189, 56 N. E. 1033, 48 L. R. A. 732, 78 Am. St. Rep. 707, involved this very question. In passing upon it at page 199 of 62 Ohio St., page 1035 of 56 N. E. (48 L. R. A. 732, 78 Am. St. Rep. 707) the court say:

"The contention is that whatever right of examination the statute gives is a personal right, and must be exercised by the stockholder in person. Since when, we would inquire, has it been the law that one who has given him a clear right as to property may not exercise it by any proper agent? The proposition has the quality of novelty, but it is not sound. It must be apparent, on reflection, that, if so circumscribed a limit were placed on the right, its exercise in many instances would be futile."

That the right of inspection may be exercised through an agent or an attorney is also held by the following authorities: *Foster v. White,* 86 Ala. 467, 6 South. 88; *Clason v. Nassau Ferry Co.,* 86 Hun 128, 33 N. Y. Sup. 244; *Mitchell v. Rubber Co.* (N. J.), 24 Atl. 407; *Burke v. Citizens' Bank,* 51 La. Ann. 426, 25 South. 318; 2 Cook on Corporations (5th Ed.), sec. 516. The following authorities hold that the right is an absolute one, and that the motives of the stockholder are not material, except, perhaps, defensively: *State v. Sportsman's Park. Ass'n,* 29 Mo. App. 326; *People ex rel. McDonald v.*

*U. S. Merc. Rep. Co.,* 20 Abb. N. C. (N. Y.), 192; *Ellsworth
v. Dorwart,* 95 Iowa 108, 63 N. W. 588, 58 Am. St. Rep.
427. While the question of the inspection of corporate books
was presented from a somewhat different point of view in
*Harkness v. Guthrie,* 27 Utah 248, 75 Pac. 624, 107 Am. St.
Rep. 664, yet we think the views we have expressed herein
are supported in that case. The English case cited by coun-
sel—*In re West Great Consols Mine,* 27 Ch. Div. 106—
in no way conflicts with the doctrine announced in the fore-
going authorities. Under the statute passed upon in that case,
the English court held that discretionary powers were vested
in the court to whom the application was made, and, such dis-
cretion having been exercised, the appellate court would not
review it in that case. It is true that one of the judges stat-
ed that the right should be held to be a personal one of the
stockholder, and should be exercised by him only. But this
was not necessary to the decision. The court in the case of
*Clarke v. Eastern Bldg. & Loan Ass'n* (C. C.), 89 Fed. 779,
held that in that case an inspection would not be ordered for
the reason that the books could be produced by a subpœna
*duces tecum,* and the same result obtained as if an inspection
were had. It may also be stated that in some of the other
cases, in discussing the proposition, the language of some of
the judges may be taken as indicating that the right was in
some respects qualified and contingent. But the judgments
pronounced are to the contrary, and are emphatic that the
right is an absolute one.

The contention that the court exceeded the provisions of
the statute in giving the right of inspection during business
hours, instead of "at all reasonable hours," as stated in the
statute, seems to us untenable. The business hours of the
corporation, it would seem, are reasonable hours in which to
inspect its books. It is during these hours that the officers
and agents of the corporation are supposed to be present at
the office of the company, and the books accessible. The
claim that inspection might unduly interfere with the work
of the employees of the corporation is more apparent than
real. Undoubtedly, if all the stockholders of the corpora-

tion made it a practice to continuously demand the books and keep them from the employees, it might so interfere. The demand, however, must be at reasonable hours, and must be reasonably exercised. The court, in this case, found the demand to have been reasonable, and authorized the inspection to be made only in a reasonable manner. When a demand is made which, under the circumstances, is unreasonable, and is sought to be exercised in an unreasonable manner, or for illegitimate purposes, the corporation may refuse it. The court, upon proper allegation and proof being made of such facts, no doubt would protect the interests of the corporation, and either sustain it in its refusal, or require the inspection to be made at reasonable times, and in a proper manner. But the officers of the corporation may not cast the burden in this regard upon the stockholder, but must assume it themselves.

We are of the opinion that the judgment appealed from should be, and it accordingly is, affirmed; respondent to recover costs.

McCARTY, C. J., and STRAUP, J., concur.