# STATE ex rel. BRANDL v. SILVER KING CONSOLIDATED MINING COMPANY OF UTAH et al.

No. 2051.   Decided January 6, 1910 (106 Pac. 520).

1. CORPORATIONS—STOCKHOLDERS—INSPECTION OF CORPORATE BOOKS—ENFORCEMENT OF RIGHT.  In a proceeding to compel a corporation to allow an examination of its books, the testimony of plaintiff that he had not demanded a list of the stockholders and that he had not expressed a desire for such list, where immediately after such statement he corrected his testimony, and testified that he did desire the names of the stockholders, and gave his reasons for wishing such knowledge, does not warrant the finding that plaintiff "has disclaimed any desire to inspect the stock books of said defendant corporation, or to obtain any information as to who said stockholders were."  (Page 65.)

2. CORPORATIONS—INSPECTION OF CORPORATE BOOKS BY STOCKHOLDERS—ENFORCEMENT OF RIGHT—EVIDENCE.  In a proceeding to compel a corporation to allow a stockholder to inspect the corporate books, where defendant's answer admitted that plaintiff wanted to ascertain the names of the stockholders, testimony of plaintiff as to whether he wished to learn the names of the stockholders was irrelevant, there being no issue as to whether plaintiff wanted the names of stockholders.  (Page 67.)

3. EVIDENCE—EVIDENCE ADMISSIBLE BY ADMISSION OF SIMILAR EVIDENCE.  The mere fact that the court permitted irrelevant evidence could not create an issue where none was presented by the pleadings.  (Page 67.)

4. CORPORATIONS—INSPECTION OF CORPORATE BOOKS—RIGHT OF STOCKHOLDERS.  Under Comp. Laws 1907, sec. 329, providing that "the books of every corporation . . . must be kept as to show the original stockholders . . . and the transfers thereof," a corporate stockholder has the right to inspect the corporate books to ascertain the names of other stockholders in the absence of any reason for denying such right.[1]   (Page 68.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie*, Judge.

---

[1] Clawson v. Clayton, 33 Utah, 266, 93 Pac. 729, distinguished.

Application by the State, on the relation of Joseph Brandl, for a writ of mandate to the Silver King Consolidated Mining Company of Utah, a corporation, and G. W. Browning, secretary.

From a judgment for insufficient relief, relator appeals.

REVERSED.

*Snyder & Snyder* for appellant.

*Henderson, Pierce, Critchlow & Barrette* and *Howat & Macmillan* for respondents.

### APPELLANT'S POINTS.

It is no longer the subject of doubt in this state that the corporate books and papers of any incorporation may be examined by a stockholder either in person or through an agent for all lawful and proper purposes, and certainly for the purposes shown in this application. (Compiled Laws of Utah, 1907, section 329; *Harkness v. Guthrie,* 27 Utah, 248, 199 U. S. 148; *Clawson v. Clayton,* 33 Utah 266; *Cobb v. Lagarde,* 129 Ala. 488, 30th So. 326; *Mitchell v. Rubber Reclamation Co.,* 24 Atl. 407; *Weihenmayer v. Bitner,* 42 Atl. 245, 88 Md. 325; *Stone v. Kellogg,* 46 M. E. 222, 165 Ill. 192; *Foster v. White,* 86 Ala. 457, 6 So. 89, *Cincinnati Volksblatt Brewing Co. v. Hoffmeister,* 56 N. E. 1033; *State ex rel. Weinberg v. Pacific Brewing & Malting Co.,* 21 Washington 451; *People v. Goldstein,* 56 N. Y. S. 306; 2 Clark & Marshall, p. 1649, 50, note; *Stone v. Kellogg,* 165 Ill. 204, 46 N. E. 222; *In re Steinway,* 45 L. R. A., p. 462, *et seq.;* Notes bottom page 462, 463, 464; *Swift v. State ex rel. Richardson,* 6 Atl. 856.)

FRICK, J.

Appellant, as a stockholder of the respondent Silver King Consolidated Mining Company of Utah, made application to

the district court of Salt Lake County for a writ of mandate requiring said company and one G. W. Browning, its secretary, to permit appellant, through an expert accountant, to examine the books of said company for the purpose of ascertaining therefrom "the amount of issued stock of said corporation, the names of the stockholders, and the financial condition of said corporation." The court issued an alternative writ, to which the company aforesaid and Mr. Browning, hereinafter designated respondents, filed their answer, in which they contested the right of appellant to inspect the books of said corporation. Respondents, however, in their answer, admitted that appellant demanded an inspection of the books at the time and for the purposes alleged, but they averred that the reasons stated by him were not the only reasons for which he desired to inspect the corporate books. In view that the court found that the averments in the answer were not sustained by the evidence, we shall not refer to the answer further.

Upon the hearing the court found the facts, in substance, as follows: That said Silver King Consolidated Mining Company of Utah is a corporation incorporated under the laws of Utah; that appellant is a bona fide stockholder of record of said corporation; that appellant had duly applied for and had requested said respondents during business hours to permit him, through an accountant, to examine the books and records of said corporation; and that said respondents refused such request, and refused appellant the right to examine said books and records. The fifth finding of fact, and the only one which is questioned by appellant, is as follows: "That the relator has disclaimed any desire to inspect the stock books of said defendant corporation or to obtain any information as to who said stockholders were." Then follows the finding that "the allegations of defendants' answer are not sustained by the evidence." Upon these findings, the court made conclusions of law by which he found that appellant was entitled to a peremptory writ of mandate "directing and compelling the defendants to permit relator, by a compe-

tent and proper agent duly appointed, to inspect all the books of account, vouchers, and records of said defendant corporation *except so far as the same may disclose the names of the stockholders of said defendant corporation."* (*Italics ours.*) Judgment was entered in accordance with the foregoing findings and conclusions. The record also discloses that after said judgment was rendered appellant, through his accountant, attempted to inspect the "books of account, vouchers and records," and in doing so a certain voucher for foureten thousand seven hundred dollars and fifteen cents was withheld from the accountant for the reason that the voucher "would disclose the names of stockholders." Appellant then, by motion, applied to the court for a modification of the writ so as to permit him to "examine the sources of receipts and all disbursements, . . . even though the same may disclose the name of a stockholder." The court refused to make the modification, and denied the motion. The appeal is from the original judgment.

Counsel for appellant have assigned a large number of errors, but, as we view the matter, the whole case turns on whether the fifth finding of fact and the conclusion of law, both of which we have given in full, and both of which are attacked by appellant, can be sustained. Counsel for appellant earnestly insist that the fifth finding of fact is contrary to, and is not supported by the evidence. This so-called finding of fact, as we read the record, is not responsive to any issue in the case. Appellant in his application for the writ asked the right to make an examination of the corporate books to ascertain, among other things, "the names of the stockholders." It is true that on cross-examination he, in substance, testified that he was not asking for a list of the stockholders, and that he had not asked the secretary of the corporation for such a list. When, however, his attention was directed to what he had asked for in his application, he at once said, "I remember now," and at once corrected his former testimony by stating that he

did ask for a list of its stockholders, and that he did "want to find out who were the stockholders." He followed these statements by giving his reasons for wanting to know who the stockholders were. All these statements were made on cross-examination, and were made within a few minutes of time. It is very clear that the witness when first asked about the list of stockholders had forgotten about the matter, and that, when his attention was directed to his application, he then recalled the fact, and then stated that he desired a list of the stockholders, and gave his reasons therefor. In view of the state of the record, it is not easy to understand how the court arrived at the conclusion that the appellant "has disclaimed any desire to inspect the stock books," and thus did not want to know who the stockholders were. The most that can be deduced from appellant's testimony, when all he said is considered, is that he denied having at any time demanded a list of the stockholders, and further denied having at some time prior to the giving of his testimony expressed a desire for a list of the stockholders, or that he desired to know who his fellow stockholders were. But, immediately after having made the foregoing statements, he testified that he did desire to know who his fellow stockholders were, and gave his reasons for desiring to know. The foregoing in our judgment is a fair statement of what appellant's testimony amounts to. After giving it all the force and effect that it is entitled to, it falls far short of supporting the conclusion that appellant "has disclaimed any desire to inspect the stock books of said defendant corporation or to obtain any information as to who said stockholders were." After the appellant had made the denials we have alluded to, and after he refreshed his recollection, he positively stated that he did desire to know who the stockholders were, and further stated his reasons for so desiring. Keeping in mind the circumstances under which both denials and the positive statements above referred to were made and their character, the denials were clearly modified, and thus lost their probative force and effect. But, apart from this, as we have point-

ed out, respondents admitted in their answer that appellant wanted to inspect the books for the purposes stated by him, one of which was to learn who the stockholders were. They averred, however, that those were not the only purposes he had in view. The court, however, found that this averment was not true. That appellant wanted to learn who the stockholders were was therefore admitted by the answer, and hence no issue in this respect was presented. When appellant's counsel therefore objected to the cross-examination of appellant as irrelevant, the court should have sustained the objection. But the mere fact that the court permitted the evidence could not create an issue where none was presented by the pleadings.

But, assuming that the court was justified in concluding for appellant's statement that in making the demand to inspect the corporate books his principal purpose was not to learn who the stockholders were, or that he then had no desire to learn that fact, how does this affect appellant's rights in view of the court's findings? It appears from the findings that the court found every fact which entitled appellant to an inspection of the corporate books for any purpose in his favor. Moreover, the court found that all the matters that were set forth in respondent's answer, whether they amounted to a defense or not, were not sustained by the evidence. This being so, upon what theory did the court limit appellant's right to inspect the corporate books? It would seem self-evident that the right of a stockholder to know who his fellow associates were, in view of the facts found by the court, could not be questioned by the corporation or any one else, and cannot be interfered with by a judgment of a court. Suppose a stockholder says: "As I view it now I do not care to know who the stockholders are." Is that a good reason for the court's denying him the right to learn that fact from the corporate books if he should change his mind about the matter? In many of the states corporations must keep a correct list of the stockholders, and such list must constantly be accessible to the stockholders. Section 329, Comp. Laws 1907, among

other things, provides: "The books of every corporation . . . must be kept as to show the original stockholders . . . and the transfers thereof." In our judgment it requires no argument to show that this provision is intended for the benefit of the stockholders rather than for the benefit of the corporation. This is but reasonable. Why should any one be denied the right of knowing who his associates are? Upon what ground can a denial of such a right be based? If it be possible to make any defense in support of such a denial (a matter we do not pass on), there certainly is nothing in the record before us that can be said to support any such defense. Under the facts as found by the court, the appellant is clearly entitled to an inspection of the corporate books, and to ascertain therefrom, if he so desires, who his fellow associates are.

Counsel for both parties have argued with much force and ability the question as to whether the right of a stockholder to inspect the corporate books under our statute is absolute, and whether such right may be enforced regardless of any motive or purpose he may have in view. While **4** these questions are interesting, and have to a limited extent been passed on by this court in *Clawson v. Clayton*, 33 Utah, 266, 93 Pac. 729, we cannot see how they are involved in this case. As appears from the case of *Clawson v. Clayton*, whatever defense a corporation may have it must be set up in the answer. In this case an alleged defense was set up, but the court found that whatever was set up in the answer was not sustained by the evidence. This finding is not assailed. For the purposes of this decision there was therefore no defense, hence what might or might not be a defense is not material.

For the reasons aforesaid, we are of the opinion that the court erred in limiting appellant's right to inspect the corporate books. The judgment is therefore reversed and the cause is remanded to the district court, with directions to set aside the fifth finding of fact or conclusion, whichever it may be called, to modify its conclusions of law to conform

to the views expressed in this opinion, and to modify the judgment so as to make the writ issued thereunder unconditional, and, when so modified, to order a writ of mandate to issue whereby respondents are required to permit appellant to inspect the corporate books of the respondent company as prayed for by him in his application, appellant to recover costs.

STRAUP, C. J., and McCARTHY, J., concur.