MARGRETTA T. BECKER et al., Appellees, v. LEMARS LOAN & TRUST COMPANY et al., Appellants.

No. 42044.

OCTOBER 24, 1933.

J. T. Keenan, and Fred H. Free and Robert H. Munger, for appellants.

Diamond & Jory, for appellees.

DONEGAN, J.—T. M. Zink, a resident of Plymouth county, Iowa, died intestate, leaving as his only heir his daughter, Margretta T. Becker. Administration was taken out upon his estate, and said

Margretta T. Becker and H. R. Schulz were appointed administrators. Among the assets of the estate were ten shares of the capital stock of LeMars Loan & Trust Company. Prior to the time of the commencement of this case demand was made upon the president of said LeMars Loan & Trust Company for a private examination by said Margretta T. Becker and her husband, Clarence G. Becker, of the books and records of said trust company, and such examination was refused. Thereupon, the said Margretta T. Becker and H. R. Schulz, as administrators of the estate of T. M. Zink, deceased, and Margretta T. Becker, individually, as the sole heir of T. M. Zink, deceased, commenced this action asking that a writ of mandamus issue requiring the defendant, LeMars Loan & Trust Company and W. J. Schafer, its president, and officers, agents, and employees, to permit the plaintiff and other competent person or persons to examine and inspect the books and records of the defendant bank for the purpose of ascertaining the financial condition of said bank and the true value of said bank stock. To this petition the defendants answered denying generally all matters not specifically admitted; admitting ownership of said bank stock by the estate of T. M. Zink; and alleging that appellants at all times had been willing to have the stock books of said corporation examined by the administrators and their attorneys. Said answer further alleged that the defendant bank was engaged in a general banking business, had a large number of customers, both creditors and debtors, whose interests were involved in the welfare of said bank; and that no persons other than the administrators or their attorneys ought to be permitted to examine the records of said bank, for the reason that the bank ought not to be subjected to examination by persons not trustworthy or persons who might use such examination as a pretext for unfavorable publicity.

Trial was had to the court on the 6th day of July, 1932, and on the same day the case was submitted to the court. On the 14th day of February, 1933, the court entered a decree finding for the plaintiffs and directing that a writ of mandamus issue, commanding the defendants, and each of them, together with their officers, agents, and employees, to submit to the plaintiffs, or such other person or persons as the plaintiffs may select, including Clarence G. Becker, the husband of Margretta T. Becker, all of books, records, vouchers, ledgers, papers, notes, securities, moneys, funds, and any and all other assets and evidences of liability of the banking business of

LeMars Loan & Trust Company for inspection, examination, computation, and audit, at and in the banking house of said LeMars Loan & Trust Company, and all this for the purpose that plaintiffs, together with the persons by them selected therefor, may ascertain the financial condition of said bank and the true value of the bank stock outstanding. From this decree the defendants appeal and set out four propositions which they rely upon for reversal.

I. The first proposition argued by appellants is that the court erred in granting any relief whatever to plaintiffs, for the reason that neither of said plaintiffs were stockholders in the defendant bank and no transfer of the stock of T. M. Zink had been made upon the books to any person whatsoever. Appellants refer to sections 8384 and 8385, of the Code of 1931, but cite no authorities in support of their contention. Section 8384 provides that the secretary of a corporation shall, upon written request, furnish to the stockholders a printed or typewritten list, giving the names of the stockholders and their post office address, and the number of shares owned by each stockholder. Section 8385 provides that the books of the corporation must be kept so as to show the original stockholders, their interests, the amount paid on their shares, and all transfers thereof; which books, or a copy thereof, so far as items mentioned in this and section 8386 are concerned, shall be subject to the inspection of any person desiring the same. A reading of section 8385 shows that the right to examine the books therein referred to is not limited to a stockholder. Even if it were otherwise, in the absence of any prohibition against the administrators and heirs of a deceased stockholder, there would seem to be no reason why they should not have the same right to such examination as the deceased stockholder would have if living. We find nothing in appellants' first allegation of error.

II. Appellants' second proposition is that the court erred in including in the writ a provision that Clarence G. Becker, the husband of Margretta T. Becker, and who had no interest whatsoever in the stock, should be permitted to make the examination thereof. The statute does not limit the right to make such examination to the stockholder, and, in the absence of such a limitation, we think it would be unreasonable to refuse a stockholder the right to have an examination made by some other person in his behalf. In Ellsworth v. Dorwart, 95 Iowa 108, 63 N.W. 588, 58 Am. St. Rep. 427, it is said:

"It is also contended that appellant had no right to examine the books at the time he requested it, because he was accompanied by his attorney and a stenographer. This is not a sufficient excuse. Plaintiff had the right to have his attorney with him, and the attorney had the right to an amanuensis. Neither was present for an improper purpose. Each was there to speed and facilitate the investigation."

The question as to what other persons might be allowed to make the examination along with and in behalf of plaintiff was largely within the discretion of the court, and we find no abuse of such discretion.

III. The third proposition argued by appellants is that the court was without jurisdiction to issue a writ of mandamus against the defendant bank, for the reason that said bank, at the time the decree was entered, was in the custody of the superintendent of banking under Senate File 111 (Acts 45th Gen. Assem. ch. 156), which became effective on the 22d day of January, 1933. Senate File 111 contains the following provision:

"During the period of such management and possession by the superintendent of banking, all the remedies at law or in equity of any creditor or stockholder against any such bank or trust company shall be suspended, and the statute of limitations against such claims shall be tolled during such period."

The provision above quoted is very recent legislation and we do not have the benefit of any precedent to aid us in its construction. If the provision quoted is to be strictly construed, it would prohibit the taking of any legal action of any kind whatsoever against a defendant bank while under the control of the superintendent of banking under said Senate File 111. However, we believe that a consideration of the history of such legislation and the circumstances surrounding its enactment are sufficient to indicate that the purpose of the legislature in passing this law was to preserve all matters connected with the banks included in its provisions in *statu quo*, and to prevent vexatious litigation which might affect the property rights of such banks and their debtors and creditors during the time such banks are under the control of the superintendent of banking. We can see nothing in an examination of the books and records of a bank by its stockholders which in any way violates the spirit or purpose of the provisions of said Senate File 111. In our

opinion, the provision quoted does not contemplate the prohibition of such examination on the part of a stockholder, and the trial court was not without jurisdiction and did not err in ordering the issuance of the writ of mandamus in this case.

IV. Appellants further contend that the trial court abused its discretion in granting the writ without any showing as to the purpose, intent, and good faith of the plaintiffs in applying therefor. In answer to this contention it may be said that the law does not impose any such burden upon a plaintiff-stockholder. In Ontjes v. Harrer, 208 Iowa 1217, 227 N. W. 101, it is said:

"There was no burden resting upon the plaintiff to establish his motive or purpose as a stockholder in demanding the inspection and examination of the records of the defendant corporation. * * * There is no presumption that a stockholder seeking information does so with a bad motive, or with intent to inflict injury upon the corporation. This is a matter of defense, to be pleaded and proved."

See, also, 14 Corpus Juris, 862, section 1317; 4 Fletcher Cyclopedia Corporations 4103, section 2822; State ex rel. Weinberg v. Pacific Brew. & Malt. Co., 21 Wash. 451, 58 P. 584, 47 L. R. A. 208.

In this case, moreover, the petition alleged the interest of plaintiffs in the stock, that the examination was requested for the purpose of determining the true market value of said shares of stock for the benefit of the plaintiffs in selling same, and that the examination would be made in good faith for the purpose of obtaining the information proper and necessary in the administration of the estate of the decedent stockholder. The record is devoid of any evidence showing a wrongful intent or purpose on the part of the appellees in connection with such examination. We, therefore, find no abuse of discretion on the part of the trial court in granting the writ asked for by appellees.

For the reasons given, the decree of the trial court is hereby affirmed.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, MITCHELL, CLAUSSEN, and KINTZINGER, JJ., concur.