[No. 27681. Department One. April 10, 1940.]

THE STATE OF WASHINGTON, *on the Relation of J. V. Grismer et al., Respondents,* v. MERGER MINES CORPORATION *et al., Appellants.*[1]

[1] Reported in 101 P. (2d) 308.

*Hamblen, Gilbert & Brooke* (*James A. Wayne,* of counsel), for appellants.

*Graves, Kizer & Graves* (*H. J. Hull,* of counsel), for respondents.

ROBINSON, J.—The Merger Mines Corporation is organized under the laws of Arizona. It is authorized to do business in this state and has a registered office in the city of Spokane. The respondents are shareholders. This action was instituted upon their relation for the purpose of obtaining an inspection of the books and records of the corporation, including the share register or list of shareholders. The complaint alleged that proper demand for such inspection had been made upon the officers of the corporation, and that such demand had been refused.

The appellants, in their answer, admitted that the respondents were shareholders of the corporation and that a demand for an inspection of the books and records of the corporation had been made. They admitted that they had refused to allow an inspection of the share register or list of shareholders and alleged, by way of an affirmative defense, that an inspection of the share register was sought for the purpose of harassing the corporation, stirring up strife among the shareholders, and bringing about a change in the management.

At the trial, it was stipulated that a pamphlet offered in evidence by respondents contained a correct copy of an act of the legislature of Arizona passed in 1935. The act provides, in part, as follows:

"Transfer of stock shall not be valid, except as between the parties thereto, until the same is entered upon the books of the corporation so as to show the names of the persons by whom and to whom the transfer is made, the number or other designation of the shares, and the date of the transfer. The books shall be so kept as to show intelligently the original stockholders, their respective interests, the amount which has been paid thereon, and all transfers thereof. All books, papers and records of the corporation shall at all times during reasonable office hours be subject to the inspection of any stockholder." Laws of Arizona, 1935, chapter 63, p. 279.

This act amends § 584 of the Revised Codes of Arizona, 1928, which also contains the provisions above quoted. Respondents proved that a demand was made upon the corporation for an inspection of the books and records of the corporation, and that such demand had been refused, and thereupon suggested that the burden of going forward with the evidence was upon the appellants and that it was incumbent upon them to prove the allegations of their affirmative defense that the inspection was sought for an improper purpose. The court so ruled, and thereupon counsel for appellants, after consultation with his clients, made the following statement:

"If Your Honor please, after consultation with my clients, I want to make this statement to the Court. That in our Answer in this case we allege that prior to the start of this suit we offered to these parties a right to examine all the records of this company,—books of account, minutes, by-laws, everything except the share register, and that offer we repeat in our Answer in just that way, and I renew that offer here. Now, we are going to stand, if Your Honor please, upon our objections heretofore introduced. We do not recognize that we have the burden. We think the plaintiff has not made a prima facie case, and for that reason we will offer no testimony or evidence at this time, but stand on our objections heretofore made."

The trial judge overruled appellants' objection to the sufficiency of the evidence, and announced that he would issue a writ of mandate requiring the appellants to submit the books and records of the corporation, including the share register or list of shareholders, to an examination by respondents. This ruling was converted into a judgment, from which the appeal was duly taken.

■ Appellants' first contention is that "no proper proof was made of the laws of the state of Arizona governing the right of a stockholder to inspect corporate records as of the date when demand was made herein." The contention is that there is no presumption that the act of 1935 was in force and effect on the date respondents demanded an inspection of the books and records of the corporation.

Courts are warranted in reposing confidence in the permanency and stability of the laws of a sister state, to the extent that, when a statute is proven to have existed, it will be assumed to remain in force in the absence of evidence showing its repeal. *Cochran v. Ward,* 5 Ind. App. 89, 29 N. E. 795, 51 Am. St. 229, 31 N. E. 581; *Walker Motor Exchange v. Lindberg,* 86 Mont. 513, 284 Pac. 270; see, also, *In re Huss,* 126 N. Y. 537, 27 N. E. 784, 12 L. R. A. 620.

■ But even if the statute has been repealed, the common law right of a stockholder to examine the books and records of the corporation at proper times and for proper purposes remains. *State ex rel. Weinberg v. Pacific Brewing & Malting Co.,* 21 Wash. 451, 58 Pac. 584, 47 L. R. A. 208; *Guthrie v. Harkness,* 199 U. S. 148, 50 L. Ed. 130, 26 S. Ct. 4.

■ ■ And, under the common law rule, as it prevails in most states, and under statutes similar to the Arizona statute, the burden of showing improper motives on the part of the shareholder in demanding

an inspection of the books and records of the corporation is upon the defendant. It is presumed, until the contrary is shown, that the shareholder seeks the information for a proper purpose. *Ontjes v. Harrer*, 208 Iowa 1217, 227 N. W. 101; *Becker v. LeMars Loan & Trust Co.*, 217 Iowa 17, 250 N. W. 644; *Knox v. Coburn*, 117 Me. 409, 104 Atl. 789; *Dines v. Harris*, 88 Colo. 22, 291 Pac. 1024; *William Coale Development Co. v. Kennedy*, 121 Ohio St. 582, 170 N. E. 434. This is the rule that prevails in this state. *State ex rel. Weinberg v. Pacific Brewing & Malting Co.*, 21 Wash. 451, 58 Pac. 584, 47 L. R. A. 208; *State ex rel. Lee v. Goldsmith Dredging Co.*, 150 Wash. 366, 273 Pac. 196. And we will presume that the same rule prevails in Arizona, in the absence of evidence to the contrary.

■ Appellants' next contention is that, under the statute law of Arizona pleaded by respondents, respondents are not entitled to an inspection of the share register or list of shareholders. Appellants say that the Arizona statute does not provide for keeping anything more than what is commonly known as the stock certificate book, and that a corporation is not required to keep a share register, nor does it require a list of shareholders to be kept, and they contend that the right of a shareholder to inspect the books of the corporation is limited to those books and records which the law requires to be kept. They, however, cite no authority in support of this proposition. The Arizona statute provides:

"The books shall be so kept as to show intelligently the original stockholders, their respective interests, the amount which has been paid thereon, and all transfers thereof."

There can be no doubt as to the meaning of this language. The corporation is required to keep books showing who are the stockholders and the amounts

paid by the original stockholders for their stock. And in the very next sentence, the act provides:

"All books, papers and records of the corporation shall at all times during reasonable office hours be subject to the inspection of any stockholder."

It is the generally accepted rule that statutes such as the statute of Arizona above quoted, do not abridge, restrict, or repeal, but enlarge, extend, and supplement, the common law rule. As illustrative of this type of case, see *State ex rel. Boldt v. St. Cloud Milk Producers' Ass'n*, 200 Minn. 1, 273 N. W. 603; *Soreno Hotel Co. v. State ex rel. Otis Elevator Co.*, 107 Fla. 195, 144 So. 339.

It is also the rule that the books and records of the corporation which the shareholder is entitled to inspect include the share register or list of shareholders. *Maremont v. Old Colony Life Ins. Co.*, 189 Ill. App. 231; *Ellsworth v. Dorwart*, 95 Iowa 108, 63 N. W. 588, 58 Am. St. 427; *Poor v. Yarnell*, 28 Cal. App. 714, 153 Pac. 976; *Grayburg Oil Co. v. Jarratt*, 16 S. W. (2d) (Tex. Civ. App.) 319; *Powelson v. Tennessee Eastern Electric Co.*, 220 Mass. 380, 107 N. E. 997, Ann. Cas. 1917A, 102; *State ex rel. Brandl v. Silver King Consolidated Mining Co.*, 37 Utah 62, 106 Pac. 520; *Ontjes v. Harrer*, 208 Iowa 1217, 227 N. W. 101.

It may well be doubted whether, under the weight of authority, proof of the affirmative matter set up in the answer in this case would have barred the relief asked. *State ex rel. Beaty v. Guarantee Mfg. Co.*, 103 Wash. 151, 174 Pac. 459. In the complete absence of such proof, the respondents were unquestionably entitled to the writ.

The judgment of the trial court is affirmed.

BLAKE, C. J., MAIN, MILLARD, and SIMPSON, JJ., concur.